HOUSE, *Plaintiff in Error*, v. CLINTON COUNTY COURT.

**In Certiorari Proceedings** the determination of the question involved is to be made upon the return; facts can not be brought to the attention of the court outside of the return, (*following Han. & St. Jo. R. R. v. State Board*, 64 *Mo.* 294).

*Error to Clinton Circuit Court.*—HON. GEORGE W. DUNN, Judge.

The assessor of Clinton county having assessed against House a tax on his capital invested in the banking business, he filed a petition for relief in the county court, claiming that the tax was illegal, (1) because he was not a resident of Clinton county, but resided with his family in DeKalb county, and his personal property, if taxable at all, was taxable only in that county, and (2) because his capital consisted of non-taxable United States bonds. Upon a hearing being had this petition was dismissed by the county court on the ground of want of jurisdiction. House thereupon sued out of the circuit court a writ of *certiorari*. His petition recited anew all the facts stated in

the petition to the county court. When the case came on for trial he offered to make proof of the facts stated in his petition, but the court refused to hear any evidence, and having tried the case upon the record, dismissed the petition. House appealed to this court.

*J. F. Harwood* and *Shanklin, Low & McDougal* for plaintiff in error.

*J. L. Smith*, Attorney-General, and *Rowland Hughes* for defendant in error.

HENRY, J.—In the case of the *H. & St. Jo. R. R. Co. v. the State Board of Equalization*, 64 Mo. 294, this court held that "In *certiorari* proceedings the determination of the question involved is to be made upon the return; facts cannot be brought to the attention of the court outside of the return."

The circuit court, therefore, did not err in excluding the evidence offered by plaintiff in error, to prove facts other than those disclosed by the return to the writ. Counsel insist that because plaintiff could not have appealed from the judgment of the county court, the circuit court should have heard the cause, both upon the return and such evidence of additional facts as might be adduced to show that the property in question was improperly assessed. This question was also expressly passed upon in the case above referred to. The law does not give railroad companies the right of appeal from the assessment made by the State Board, yet, in that case, it was held that this court could not hear evidence, but was confined to the facts appearing in the return in determining the questions involved.

It appears that in this case the county court refused to hear any evidence and dismissed the cause, and if a petition to the county court was, under the circumstances, the proper proceeding to correct the erroneous assessment,

which it is not now necessary to determine, the petitioner might have resorted to a mandamus to compel the county court to proceed and try the case presented; but whether he could have had that remedy or not, we are satisfied that in this proceeding the circuit court could not admit evidence of facts other than those disclosed by the return to the writ and its judgment. All concurring except NORTON, J., not sitting, the judgment is affirmed.

AFFIRMED.