THE STATE *ex rel.* MOLLINEAUX v. MADISON COUNTY COURT.

Division Two, December 15, 1896.

1. **Bail, Refusal of:** PRESUMPTION OF GUILT. It will be presumed, on *certiorari* to review refusal of bail to one indicted for murder, in the absence of evidence to the contrary, that "the proof of guilt is evident or the presumption great," in which case bail will not be granted. (Const., art. 2, sec. 24.)

2. ———: ———. Refusal of bail by the county court will not be disturbed except on a showing of abuse of discretion.

3. **Certiorari:** BAIL: COUNTY COURT. *Certiorari* to review refusal of bail by the county court will not bring up the evidence before it on the hearing of *habeas corpus* to obtain bail, the court having neither common law nor equitable jurisdiction and no provision being made for preserving evidence taken before it and making it a part of the record.

*Certiorari to Madison County Court.*

WRIT QUASHED.

*William N. Nalle* with *William M. Morgan* for petitioner.

(1) It seems that *certiorari*, as well as an alias writ of *habeas corpus* from the superior court, is a

remedy, particularly in a case where a court, an inferior tribunal, adjudicates. Proceedings by *certiorari* in connection with *habeas corpus* are in the nature of an appeal, or writ of error, and should bring up the record and proofs as fully as on appeal or writ of error. It is so at common law, as counsel believe. *State ex rel. v. Mason*, 77 Mo. 191; *State v. Neel*, 3 S. W. Rep. (Ark.) 631; Hurd on Habeas Corpus [2 Ed.], 353. (2) "All persons shall be bailable by sufficient sureties," the exception being "capital offenses, when the proof is evident or the presumption great." Const., sec. 26, art. 2. (3) The trial court, the judge, or clerk, must fix the bail, on presentation of the indictment, or on arrest. R. S. 1889, secs. 4123 and 4125. These omitting the duty, bail may be secured by the accused through *habeas corpus* proceedings. R. S. 1889, sec. 5385. (4) Upon the facts stated by petitioner and admitted as true, not being denied, the county court erred in remanding petitioner and in refusing to accept bail with sufficient sureties. An evident failure in duty and not an act of judicial judgment or discretion.

BURGESS, J.—Relator indicted in the circuit court of Bollinger county for murder of the first degree was committed to the jail of Madison county for safe keeping. Afterward at the August term, 1896 (and on the fifth day of said month), of the county court of the county last named he sued out of said court a writ of *habeas corpus*, directed to the sheriff and jailer of that county, returnable forthwith, requiring said sheriff to produce his body in court, and show cause, if any he could, for his detention, and why he should not be admitted to bail. To this writ the sheriff made return according to the facts heretofore stated.

The county court, on hearing, refused to discharge

the relator or to admit him to bail, and remanded him to the custody and keeping of said sheriff.

Thereafter on the twentieth day of August, 1896, relator made application to this court for a writ of *certiorari* directed to the county court aforesaid for the purpose of compelling said court to certify to this court a copy of the proceedings with respect to said writ of *habeas corpus* in order that the same might be reviewed.

In obedience to this writ the county court has caused to be certified to this court all the evidence introduced at the hearing of the *habeas corpus* by that body, which we are now asked to review, and, if is found that error was committed by that court, to remand the cause to said court with directions as to what course to pursue, or disposition to make of the proceedings.

By section 3, article 6, of the state constitution, the supreme court is given superintending control over all inferior courts, and power to issue writs of *habeas corpus, mandamus, quo warranto, certiorari,* and other original remedial writs, and to hear and determine the same; so there can be no question as to its power to issue the writ of *certiorari* in this case, and to review the action of the county court in so far as such action was judicial, if at all, in refusing to admit the relator to bail. The writ lies to review the action of an inferior tribunal, and to correct errors of law in case where no appeal lies from the ruling of such a tribunal, as in the case at hand, but not to review matters purely ministerial or discretionary.

By section 24, article 2, state constitution it is provided "that all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great."

In *People v. Tinder,* 19 Cal. at p. 543, in passing upon the question of the right of defendant who was

under indictment for murder of the first degree to be admitted to bail, it was said: "It [the indictment] creates a presumption of guilt for all purposes except the trial before a petit jury. Indeed, if it did not create such presumption, the defendant held under it, or by virtue of the warrant based upon it, without other evidence of his guilt, would be entitled to his discharge absolutely. If it furnished no such presumption it would not justify the exaction of bail or the detention of the defendant."

So, in *State v. Mills*, 2 Dev. (L.) 421, it was said by the supreme court of North Carolina: "After bill found, a defendant is presumed to be guilty to most, if not to all purposes, except that of a fair and impartial trial before a petit jury. This presumption is so strong, that in the case of a capitol felony, the party can not be let to bail." To the same effect are *In re Alexander*, 59 Mo. 598; *Hight v. United States*, 1 Morris (Iowa), 410; *Ex parte Vaughan*, 44 Ala. 417.

It must, therefore, be presumed from the indictment that "the proof is evident or the presumption great" (*Ex parte Dusenberry*, 97 Mo. 504), and there is nothing before us, of which we can take cognizance to rebut that presumption.

But even if there was, the granting or refusing bail was a matter resting in the sound discretion of the court (*Lester v. State*, 33 Ga. 192), and under no circumstances would this court interfere unless it be made to appear that such discretion has been abused.

"The writ of *certiorari* only brings up the record; and only such matters as appear from the face thereof, and which go to the jurisdiction of the tribunal to which the writ is sued out, can be reviewed by such writ." *Ward v. Board of Equalization*, 135 Mo. 309.

The county court is of statutory origin, having neither common law nor equitable jurisdiction. No

provision has been made for preserving evidence taken before it, and making it a part of its record. Therefore, the evidence adduced before that court on the hearing of the writ of *habeas corpus*, even if reviewable at all, is no part of the record proper, nor could it be made so in the absence of statutory enactment providing some means for so doing by bill of exception or otherwise, hence not the subject of review here, so that there is nothing before us to pass upon save the record proper, that is, the petition for the writ of *habeas corpus*, the return of the sheriff thereto, and the order of court refusing to admit the relator to bail, and nothing appears from them which entitles relator to the writ.

But even if the evidence had been properly preserved we express no opinion as to whether or not it could be reviewed by this court under this proceeding. 3 Am. and Eng. Ency. of Law, 62, and authorities cited. The writ will be quashed. GANTT, P. J., and SHERWOOD, J., concur.