STATE OF MISSOURI at the Relation of JACOB ADLER ET AL., Relators, v. ERWIN G. OSSING, M. HARTMANN and O'NEILL RYAN, Judges of the Circuit Court, City of St. Louis.—79 S. W. (2d) 255.

Court en Banc, February 7, 1935.

*Strubinger, Tudor & Tombrink* for relators.

*Geers & Geers* and *Foristel, Mudd, Blair & Habenicht* for respondents.

.TIPTON, J.—This case comes to the writer on reassignment. Certiorari to the judges and clerk of the Circuit Court of the City of St. Louis, to bring up from that court the record in the cause entitled ''Rodowe H. Abeken, Ancillary Receiver for the State of Missouri, of the funds and assets of all subscribers of Federal Automobile Insurance Association and/or Federal Automobile Insurance Underwriters, plaintiff, v. The Federal Underwriters, Incorporated, attorney in fact for all subscribers of Federal Automobile Insurance Association and/or Federal Automobile Insurance Underwriters, Frederick W. Held and several hundred other named subscribers, defendants. Number 170597.

In that action, the plaintiff, as such receiver, sought to recover of the several hundred defendant subscribers on contracts or policies of insurance issued to and accepted by them, one additional assessment for the years 1924, 1925, 1926 and 1927 each. A writ of summons was issued to the Sheriff of Cole County, Missouri, which was served upon the Superintendent of Insurance of this State on July 23, 1931. None of the defendants appeared in obedience to the writ and the court rendered several judgments against each defendant, totaling several hundred thousand dollars.

In March, 1928, the Federal Underwriters Incorporated, the attorney in fact of the defendant subscribers, was by the Superior Court of Madison County, Indiana, found insolvent and a receiver appointed ''of the funds and assets, property and rights of action belonging to the subscribers,'' and in due course Abeken was appointed ancillary receiver of such assets, funds, property and rights of action in and for the State of Missouri.

The character of insurance conducted by the defendants, as alleged in the plaintiff's petition is that contemplated and provided for in this State in Article XI, Chapter 37, Revised Statutes 1929. Under this method of insurance the fund from which losses are paid is derived from premiums or deposits made by the subscribers upon becoming such, together with additional assessments or premiums, not to exceed one additional assessment for any one year.

License to do business in this State was duly issued by the Superintendent of Insurance for the years 1924, 1925, 1926 and 1927, as provided by Section 5975, Revised Statutes 1929, upon an application therefore, as provided by Section 5968, concurrently with which the attorney in fact, designated by the subscribers, as provided by Section 5969, filed with the Superintendent of Insurance a power of attorney which provided that "service of process may be had upon the Superintendent of Insurance in all suits in this State arising out of such policies, contracts or agreements, which service shall be valid and binding upon all subscribers exchanging at any time reciprocal or inter-insurance contracts through such attorney."

Respondent states the issues in this cause as follows:

"The sole question here is whether the service upon the Superintendent of the Insurance Department, as shown by the amended return of the Sheriff of Cole County was sufficient to confer jurisdiction upon the Circuit Court in case No. 170,597, referred to and described in relator's application for the writ here, to proceed as against the subscribers in that suit. If it did so, then no matter of error by the Court proceeding under its jurisdiction can be considered here. The scope of review under certiorari is limited to inquiry into the jurisdiction of the Court whose records are brought up by the writ. Relator concurs in this statement so far as concerns the issue here. The insurance contracts involved here were obviously such character of business, to-wit, reciprocal or inter-insurance, as is provided for by Article XI, Chapter 37, Revised Statutes of Missouri, 1929. Section 5969, a part of that act and chapter, prescribes the manner of service to be followed in suits on contracts of reciprocal or interinsurance and it follows that no other manner of service may be pursued or had."

The amended sheriff's return does not appear in the respondent's return to our writ, it is brought to our attention in an additional abstract of the record, which is not even certified to by the clerk of respondent's court. "In certiorari proceedings the determination of the question involved is to be made upon the return; facts cannot be brought to the attention of the court outside of the return." [H. & St. J. Railroad v. State Board of Equalization, 64 Mo. 294; House v. Clinton County Court, 67 Mo. 522; State ex rel. v. Pearcy, 29 S. W. (2d) 83, 325 Mo. 335.]

■ Our writ was granted October 5, 1932, and respondents' return thereto was filed November 4, 1932, while the sheriff's return was amended on March 7, 1933. Under our writ the respondents were "commanded in the meantime to take no further steps in said cause until the further order of this court." It follows that the respondent judge was without authority to permit the sheriff to amend his return after the respondents' return was made in this court to our writ. In the case of State ex rel. Berkshire v. Ellison, 230 S. W. 970, 287 Mo. 654, we held the filing of an application for a writ of certiorari "and the granting of our writ thereon, would have stayed all further proceedings in the Court of Appeals."

In 11 Corpus Juris, 171, the author said:

"After the certiorari has been served on the inferior tribunal, the latter is powerless to alter its record or decee, even for the purpose of correcting mistakes, unless the record itself furnishes the means of making the correction, or the error is a mistake in the arithmetic of the court. Such correction should be made, if at all, for the purpose of enabling the court to obey the command to send up the record, which means the correct and true record."

It follows that the amended sheriff's return is not before us for our review.

The return to our writ does show the original sheriff's return, which is as follows:

"Return of Sheriff of Cole County, Missouri, executed the within writ in the County and State aforesaid on the 23rd day of July, 1931, upon the within named defendant, Federal Underwriters, Incorporated, Attorney-in-Fact for all Subscribers at Federal Automobile Insurance Association and/or Federal Automobile Insurance Underwriters, a corporation, by delivering a true copy of the within writ, together with a copy of the petition thereto attached, as certified by the Clerk of the Circuit Court, City of St. Louis, Missouri, to Joseph B. Thompson, Superintendent of Insurance Department of the State of Missouri, he being the person authorized by law to acknowledge and receive and upon whom to serve process issuing out of the Courts in the State of Missouri, for and in behalf of said defendants under and by virtue of Section 5894 of the Revised Statutes of Missouri 1929.

"Witness my hand this 23rd day of July, 1931."

Respondents concede that if they had jurisdiction of the persons of the defendants, it is because of the service on the Superintendent of Insurance of this State. As above stated respondents say, that "Section 5969, a part of that act and chapter, prescribes the manner of service to be followed in suits on contracts of reciprocal or inter-insurance and it follows that no other manner of service may be pursued or had."

The essential parts of Section 5969, Revised Statutes 1929, read as follows:

"Service of process may be had upon the Superintendent of Insurance in all suits in this State arising out of such policies, contracts or agreements, which service shall be valid and binding upon all subscribers exchanging at any time reciprocal or interinsurance contracts through such attorney. Three copies of such process shall be served, and the Superintendent of Insurance shall file one copy, forward one copy to said attorney, and return one copy with his admission of service."

The sheriff's return does not comply with this section. This return shows that a writ of summons was executed "by delivering a *true copy* of the within writ, together with *a copy* of the petition" to "Joseph B. Thompson, Superintendent of the Insurance Department of the State of Missouri." While Section 5969, supra, required that, *"three copies of such process shall be served"* on the Superintendent of Insurance.

Unless the return strictly complies with the requirements of the statute, it is insufficient. [Wealaka Mercantile & Mfg. Co. v. Insurance Co., 128 Mo. App. 129, 106 S. W. 573; Hewitt v. Weatherby, 57 Mo. 276.] "Indeed, it has been said that everything is to be inferred against such return which the departure from the statute will warrant. . . . But, at least, such return is to be strictly construed, and nothing may be added by intendment." [King v. Davis, 137 Fed. 198, l. c. 206.]

As the sheriff's return fails to show that three copies of process were left with the Superintendent of Insurance it is, therefore, defective and the Circuit Court of the City of St. Louis did not acquire jurisdiction of the person of the defendants in that case. It, therefore, becomes unnecessary for us to decide if proper service under Section 5969, on the Superintendent of Insurance would give the circuit court jurisdiction of the defendants.

From what we have said it follows that the record of the Circuit Court of the City of St. Louis should be quashed. It is so ordered. All concur.