STATE OF MISSOURI at the relation of ST.·LOUIS UNION TRUST COMPANY, a Corporation, as Curator of the Estate of LAUREL WAGNER, a Minor, as Curator of the Estate of H. SAM WAGNER, a Minor, as Curator of the Estate of CHARLES E. ROYSTON, a Minor, as Curator of the Estate of EDWARD L. HORNER, JR., a Minor, as Curator of the Estate of MARION C. FACH, a Minor, as Curator of the Estate of ALBERT S. FRAMPTON, JR., a Minor, as Executor of the Will of GEORGE M. VON SCHRADER, as Co-executor of the Will of CONRAD BUDKE, JR., as Administrator c. t. a. of the Estate of F. H. GOODRIDGE, as Executor of the Will of JULIA MAYER, as Executor of the Will of CORNELIA R. BRANDT, as Executor of the Will of THOMAS S. GERHART, as Co-executor of the Will of SAMUEL M. TIPTON, as Co-executor of the Will of ALEXANDER B. PIERCE, as Co-guardian of the Estate of VILMA RECKER, an incompetent person, as Guardian of the Estate of GEORGE D. DANA, an incompetent person, Relator, v. MARTIN L. NEAF, as Assessor of St. Louis County, and as a Member of the Board of Equalization of Said County, WALTER E. MILLER, as County Clerk and as a Member of the Board of Equalization of Said County, JOHN M. CRUTSINGER, CLIFFORD CORNELI, HENRY L. MUELLER and HENRY W. J. ROTT, as Members of the Board of Equalization of Said County, CLARENCE EVANS, JACK STAPLETON and JESSE A. MITCHELL, as Members of the State Tax Commission, and LLOYD C. STARK, FORREST SMITH, ROY MCKITTRICK, DWIGHT H. BROWN and ROBERT W. WINN, as Members of the State Board of Equalization.—139 S. W. (2d) 958.

Division One, May 7, 1940.*.

*NOTE: Opinion filed at September Term, 1939, March 6, 1940; motion for rehearing filed; motion overruled at May Term, 1940, May 7, 1940.

*Bryan, Williams, Cave & McPheeters* for relator.

*C. W. Detzen* for respondents.

DALTON, C.—This is an original proceeding by certiorari in this court at the relation of the St. Louis Union Trust Company, as fiduciary on behalf of certain estates being administered by it, to secure the annulment of the assessments of certain certificates (as personal property) against said estates, as made by the assessor of St. Louis County, in 1938. A writ of certiorari was duly issued directing the respondents, i. e., the assessor of St. Louis County, Missouri, the board of equalization of said county, the state tax commission of Missouri and the state board of equalization to certify and return to this court their records with reference to said assessments and the appeals, complaints and proceedings thereon; and particularly requiring the respondent Neaf, "as assessor, to certify and return . . . a true copy of the tax returns made by petitioner for each of said . . . estates . . ., for state, county and school district taxes for the year 1939 filed with the assessor . . . and a true copy of the assessments made . . . against each of the several estates after the filing of the returns by the petitioner . . ."

In response to our writ respondents filed their return thereto as follows: "Now come all of the respondents in this cause, and in obedience to the writ of certiorari issued by this Honorable Court, state: That a stipulation between the relator and the respondents has been filed in this cause acknowledging that Exhibits 'A' and 'B' attached to said stipulation and made a part thereof, and which are made a part of this return by reference, and are hereby certified to this Honorable Court, are true and correct copies of all of the record and proceedings pending before respondents in this cause, as fully and entirely as they remain among their records and files, and these respondents as a further return to the said writ of certiorari, refer to paragraph 9 of the aforesaid stipulation waiving, on the part of the relator, the necessity of filing further copies or records of the proceedings other than those attached to the stipulation as aforesaid."

The stipulation referred to recites that Exhibit "A" is a copy of the findings of fact and orders entered by the board of equalization of St. Louis County, Missouri, confirming the assessments made by the assessor; that Exhibit "B" is a copy of the order of the state board of equalization confirming and approving the action of the state tax commission; and that Exhibit "C" is a copy of the declaration of trust described in relator's petition and introduced in evidence at hearings before the Boards of Equalization and the State Tax Commission. Paragraph 9 referred to is as follows: "If a writ of certiorari issue in this cause the exhibits attached to this stipulation may be referred to by reference in the returns of the respondents as all of the record and proceedings before the several respondents without the necessity of their filing further copies or records thereof."

On the day the writ issued the parties filed in this court the stipulation, referred to in the return. It is styled, "Stipulated Record."

This stipulation, in addition to identifying Exhibits "A", "B", and "C", recites that the only parts of the assessments against the estates complained of are the assessments of trust certificates or participation shares; that the tax returns so made were set aside by the assessor and assessments of the said certificates were made "*as alleged by the relator;*" that relator filed appeals in the matter of each of the assessments to the board of equalization of St. Louis County, Missouri; that the appeals were heard, and findings of fact were made and orders were entered confirming the assessments made by the assessor, "*all as alleged in relator's petition;*" that a joint complaint was filed by the relator with the state tax commission; that a hearing was had thereon, a finding of facts was made and entered of record by said commission in which it found the facts to be the same as those found by said county board of equalization; and that it entered of record its order approving and confirming the said assessments and the action of the said board of equalization, "*all as alleged by relator in its petition.*"   (Italics ours.)

Upon the filing of said return the relator moved for judgment on the pleadings and now prays the court "to quash, set aside, declare and hold for naught the assessments made by the respondent Martin L. Neaf, . . . wherein he assessed for taxation against the estates . . . certificates for participation shares in the Seventh and Olive Street Trust;" and to quash the records of the other respondents confirming and approving said assessments.   As ground for said motion relator alleges that said certificates are not personal property but only evidence of beneficial or equitable interests or rights in real estate; that, as the real estate is assessed and taxed at its full value, the taxation of the certificates violates the provisions of the Constitution as to uniformity in taxation; that the assessment of the certificates as personal property is contrary to the provisions of the statutes defining real property; and that the acts and proceedings of the assessor, and other respondents in assessing the certificates are null, void and beyond the jurisdiction of the assessor and other respondents.

We are first confronted by respondents' contention that, "the record proper consists solely of the assessor's tax book and the orders of approval made by the Boards of Equalization and the State Tax Commission;" that, "the basic record, that is the original assessment as shown by the tax book in St. Louis County, is not before this Court;" and that all the other bodies merely refused to set aside the assessor's original assessment, which might be valid and proper, although the findings of fact by the other respondents be entirely erroneous.   Respondents further insist that the controversy here may not be determined in a certiorari proceeding.

It is apparent that the stipulation does not purport to be a return to the writ, nor a stipulated record in lieu of a return.   It was entered

into before the writ was issued since it says "if a writ of certiorari issue in this cause." It does not set out the records for our inspection, but refers to certain allegations about them in the petition. The return by respondents does not purport to be supplementary to the stipulation, nor does it incorporate the stipulation by reference. It does incorporate Exhibits "A" and "B," by reference, as being "all of the records or proceedings before respondents in this cause." The filing of copies of records, other than the exhibits attached to the stipulation, was waived. We must determine, therefore, whether the original assessments of said estates by the assessor of St. Louis County, and the records of the state tax commission with reference thereto, are before this court for review.

The writ of certiorari, as applicable here, performs the same office as at common law. The rule is well stated in State ex rel. Manion v. Dawson, 284 Mo. 490, 504, 225 S. W. 97, 99, as follows: "Certiorari is a remedy narrow in its scope and inflexible in its character. It is not a general utility tool in the legal workshop. It cannot be made to serve the purpose of an appeal or writ of error. All that can be done under it is either to quash or to refuse to quash the proceedings of which complaint is made. In the case at bar, we may either quash the record of the trial court or quash the writ. No other course is open to us. Whether the one action or the other shall be taken, depends upon the character of the action which we are called upon to review. Upon these statements the authorities, except in sporadic instances, are practically agreed. In this State, the writ of certiorari, as applied in this case, is the common-law writ, unmodified by statute. Its nature and scope and the proper use to be made of it are questions to be determined from the common-law principles and from our own decisions." [See: State ex rel. Kennedy v. Remmers, 340 Mo. 126, 131, 101 S. W. (2d) 70, 71; State ex rel. Harrison County Bank v. Springer, 134 Mo. 212, 222, 35 S. W. 589; State ex rel. Summerson v. Goodrich, 257 Mo. 40, 47, 165 S. W. 707.]

The chief purpose of the writ is to confine inferior tribunals within the limits of their respective jurisdictions, and to give relief to the injured party where the inferior tribunal had no jurisdiction, or, having it, abused same, or acted in excess of its jurisdiction. [State ex rel. Bentley v. Reynolds, 190 Mo. 578, 588, 89 S. W. 877; State ex rel. Woodmansee v. Ridge, 343 Mo. 702, 708, 123 S. W. (2d) 20; State ex rel. v. Ingram (Mo. App.), 2 S. W. (2d) 113, 114.] The writ may also be used to reach errors appearing on the face of the record which cannot be reached by appeal or writ of error. [State ex rel. Iba v. Mosman, 231 Mo. 474, 482, 133 S. W. 38; State ex rel. Gentry v. Westhues, 315 Mo. 672, 678, 286 S. W. 396.] The writ does not issue as a matter of right, but is a discretionary writ. [State ex rel. Products Co. v. Pearcy, 325 Mo. 335, 344, 29 S. W. (2d) 83; State ex rel. Fath v. Henderson, 160 Mo. 190, 208, 60 S. W.

1093; State ex rel. Powell v. County Court, 237 Mo. 460, 468, 141 S. W. 614; State ex rel. Gardner v. Hall, 282 Mo. 425, 435, 221 S. W. 708.]

In view of certain contentions made in the briefs, it seems necessary to review the pleadings and procedure in a certiorari case of this type. ''The office of the petition is only to procure the issuance of the writ—to enable the court to determine whether it should be granted—and after it has served that purpose it is no longer of importance, except, perhaps, that reference may be had to it to ascertain the errors assigned; the reason being that the trial and judgment are had solely on an inspection of the record of the proceedings assailed, and not on any ulterior issue of fact.'' [Ferris, Extraordinary Legal Remedies, p. 196.] In the case of State ex rel. Halpin v. Powers, 68 Mo. 320, 323, this court said: ''In a proceeding by certiorari in this court, the petition for the writ may be regarded as in the nature of an assignment of errors on the record sought to be reviewed, in the absence of any more formal assignment of errors after the record is returned to this court. Further than this the petition is not to be viewed as a pleading in the cause.'' [See: State ex rel. Morrison v. Sims (Mo.), 201 S. W. 910; State ex rel. Smith v. Williams, 310 Mo. 267, 269, 275 S. W. 534; State ex rel. Powell v. County Court, supra, 237 Mo. 460, 468, 141 Mo. 614.]

In this case respondents did not challenge the sufficiency of the application, or the issuance of the writ, or move to quash it, but made return thereto as we have seen.

''The return to the writ is a response to its commands and not an answer to the allegations of the petition; and where addressed to an officer having custody of the official record, he must respond by the production of that record and nothing more. By that only is the proceeding to be tested.

''That being true, it would seem that the facts stated in the affidavit or the petition upon which the writ was granted, cannot be considered in determining the question of the jurisdiction of the inferior court or tribunal, or any other question involved, and such appears to be the rule in most jurisdictions.'' [1 Bailey, Extraordinary Remedies, p. 729, sec. 185.] This statement seems in accordance with the rule in this State.

In the case of Hannibal & St. Joe Railroad v. State Board of Equalization, 64 Mo. 294, 308, this court said: ''In certiorari proceedings the determination of the question involved is to be made upon the return; facts cannot be brought to the attention of the court outside of the return which do not appear therein. . . . There is nothing before us but the proceedings of the board made part of respondent's return to the writ. There was no offer to prove the allegations in the petition, nor, if offered, could this court have heard it.'' [See also: State ex rel. St. Louis v. Caulfield, 333 Mo. 270, 273, 62 S. W.

94

(2d) 818; State ex rel. Adler v. Ossing, 336 Mo. 386, 389, 79 S. W. (2d) 255; House v. Clinton County Court, 67 Mo. 522, 523.] It is apparent, therefore, that this court cannot go to the application for the writ to search out facts which should be in the return. State ex rel. Products Co. v. Pearcy, supra, 325 Mo. 335, 344; State ex rel. Chase v. Calvird, 324 Mo. 429, 437, 24 S. W. (2d) 111, 115; State ex rel. School Dist. v. Williams, 70 Mo. App. 238, 242; State ex rel. Packing Co. v. Stephens, 146 Mo. 662, 686, 48 S. W. 929 (majority opinion holding that undenied allegation in application cannot be considered as establishing a fact not shown in the return).

Evidence and exhibits sent up in response to the writ, even though incorporated in the return and referred to in the records, may not be considered, and will be disregarded, where same are not properly a part of the record of the tribunal to whom the writ was directed. [State ex rel. St. Louis v. Caulfield, supra, 333 Mo. 270, 273, and cases therein cited; State ex rel. Cemetery Assn. v. Casey, 210 Mo. 235, 246, 109 S. W. 1; State ex rel. Mollineaux v. Madison County Court, 136 Mo. 323, 326, 37 S. W. 1126.] No evidence or issues of fact may be considered. [State ex rel. Shartel v. Skinker, 324 Mo. 985, 25 S. W. (2d) 472, 477.] Only the facts disclosed by the records, as set out in the return, are for the court's consideration. [Hannibal & St. Joe Railroad v. State Board of Equalization, supra; State ex rel. Halpin v. Powers, supra; State ex rel. McCune v. Carter, 279 Mo. 304, 316, 214 S. W. 180; State ex rel. Davidson v. Caldwell, 310 Mo. 397, 407, 276 S. W. 631; 4 Houts, Missouri Pleading & Practice, p. 686, sec. 1399, p. 690, sec. 1401.] The only questions presented are questions of law on the record brought up by the return. [State ex rel. Kennedy v. Remmers, supra, 340 Mo. 126, 131; State ex rel. Miller v. O'Malley, 342 Mo. 641, 646, 117 S. W. (2d) 319.]

Relator's motion for judgment on the pleadings admits all facts properly pleaded in the return. [State ex rel. Bank v. Gehner, 319 Mo. 1048, 1051, 5 S. W. (2d) 40; State ex rel. Compton v. Buder, 308 Mo. 253, 258, 271 S. W. 770; State ex rel. Jones v. Smiley, 317 Mo. 1283, 1289, 300 S. W. 459.]

The merits of the matter under consideration may not be inquired into. "Certiorari does not take the place of mandamus to compel the making of a record, but it takes the record as it finds it, excluding the mere evidence which can, in the nature of things, relate to the merits only, tending to show, as it does, that the court erred in its judgment. The office of the writ is not to review error of that sort." [State ex rel. v. Broaddus, 245 Mo. 123, 136, 149 S. W. 473, 476, Ann Cas. 1914A, 823; State ex rel. Kennedy v. Remmers, supra, 340 Mo. 126, 131; State ex rel. Miller v. O'Malley, supra, 342 Mo. 641, 646; State ex rel. Parker-Washington Co. v. City of St. Louis, 207 Mo. 354, 366, 105 S. W. 748; State ex rel. Renner v. Alford, 343 Mo.

576, 122 S. W. (2d) 905, 906; Ferris, Extraordinary Remedies, p. 212.]

We must look to the records as shown by respondents' return to our writ, and seek to determine the legal questions presented from an inspection of the records shown in the return. In this case, how-. ever, the records of the original assessments are not before us. The. abstract of the record does not purport to contain a copy of them. The return does not mention them. The stipulation refers to them only "as alleged in said petition." The petition merely recites "that after the said (tax) returns were made and filed and prior to the 29th day of December, 1938, said assessor set each of them aside and assessed against the said estates the certificates for the participation shares in the Seventh and Olive streets trust, owned by said estates and held by petitioner in its said several fiduciary capacities, the number of such shares and the valuations so assessed by him against the said several estates being, respectively, as follows:" The estates, number of shares held, and valuations are then listed. This recital or allegation about the assessment records is not sufficient.

The same is true of the records of the state tax commission. They are not before us. Although the petition alleges that the commission made an order approving and confirming the action of the assessor in assessing the certificates, and although the stipulation recites that the commission found the facts to be the same as found by the county board of equalization, and as alleged in the petition, still no copy of the records of the commission with reference to the approval of said assessments appears in the return of respondents or in the abstract of the record. We cannot review records that are not before us. [State ex rel. Products Co. v. Pearcy, supra, 325 Mo. 335, 344; State ex rel. Adler v. Ossing, 336 Mo. 386, 389, 79 S. W. (2d) 255, supra.]

The record of the state board of equalization, as shown by Exhibit "B," is merely an order confirming and approving the action of the state tax commission. No errors appear on the face of the record. It was within the jurisdiction and power of the board to enter the order of approval and confirmation. No lack of jurisdiction, or abuse of or act in excess of jurisdiction appears on the face of the record.

We now come to a consideration of the records of the board of equalization of St. Louis County, as shown by Exhibit "A," which is, by reference, incorporated into the return. It covers 22 printed pages of the abstract of the record. Concerning this record relator's brief states: "The purpose of all the parties concerned in having the county Board of Equalization and the State Tax Commission to make findings of facts and to enter them upon their records was to enable this court to review the action of the respondents in a certiorari proceeding. This purpose is not shown in the petition for

the writ, but is a fact, and the court can readily infer that such was the purpose and the intention of the plaintiffs.''

The board had both jurisdiction and power to hear appeals from assessments made by the assessor. Under sections 9814 and 9816, R. S. Mo. 1929 (12 Mo. Stat. Ann., 7913, 7914) the board could hear and determine all appeals in a summary way and correct and adjust assessments accordingly and the county clerk was required to keep an accurate record of the proceedings and orders of the board. The board had authority to assess and equalize the value of any property that was omitted from the assessor's books. It would seem, however, that the statutes do not require or contemplate extended findings of facts where an assessment appealed from is merely approved. The records of the board now before us purport to contain detailed findings from exhibits and evidence presented before the board. In addition to facts, it contains many conclusions of fact and law. Most of the record deals with conclusions of the board with reference to the legal effect of a declaration of trust presented to and considered by the board, and the legal effect of the certificates issued thereunder. To illustrate briefly, we quote from said record as follows: ''The Board finds from the evidence introduced that the St. Louis Union Trust Company, in its own right and not in any fiduciary capacity, was, on the first day of March, 1931, the owner of the following real property'' (we omit the description). ''That on said date the St. Louis Union Trust Company as the owner of said property executed a Declaration of Trust wherein and whereby it declared that it would hold said property in trust for a period of twenty-one years from and after the death of the last survivor of certain persons named in it, unless the property should be sold by it prior to such time, for the purpose of distributing the net income from said property and the proceeds of the sale of it among the shareholders in the trust; that by said Declaration of Trust the St. Louis Union Trust Company, as trustee, is required to collect and receive the income from said property, to pay out of it all taxes, assessed against the property or the income from it, and is authorized to retain out of the income from the property its reasonable expenses incurred in the execution of the trust, including customary commissions; that by said Declaration of Trust the trustee is required, if a sale of the property should be made, to distribute the net proceeds thereof to such certificate holders, and by it the trustee is required to sell the property and make such a distribution at the expiration of the trust. . . .

''Under the Declaration of Trust the trustee has the full power and discretion to determine whether the real estate may be sold prior to the termination of the trust by the expiration of the time limit therein fixed. By the Declaration of Trust the trustee has the full, complete and sole right and power of management, control and sale of the property. The shareholders do not possess such rights. They

do not have the right of partition and no person can have any right in the property by reason of a marital relationship. The trustee has the power, without consulting any shareholder, to consent to the cancellation, surrender or alteration of the existing lease to the property, which lease is referred to in the Declaration of Trust.

"The Declaration of Trust provides that the shareholders shall not be personally liable with respect to contracts made by the trustee in reference to the property. It provides that the Trust Company is not to recognize transfers of shares unless they are registered as provided in the Declaration of Trust and it also provides that the participation shares are to pass direct to the shareholder's executor or administrator, rather than to his heirs or devisees. The power is given to the trustee by the Declaration of Trust to terminate the interest of the shareholder by tendering to him the estimated face value of his shares, plus interest from the last date of the distribution of income to the date of tender, and the Declaration of Trust provides that the terms and provisions of the trust may be changed at any time to affect all of the shares by the consent of the trustee and a majority in value of the interest represented by the certificates outstanding upon notice being given to all shareholders . . . ."

The board, after making said findings, concludes that said certificates are assessable and taxable as personal property "and approves and confirms the action of said assessor in assessing the certificates." The order of the board does not purport to add any omitted property or make any additions or increases in the assessment of property against any of said estates, but by comparing recitals in the lists set out in the order, it appears that the assessment of one estate was changed from "Cash $4650" to "46 shares . . . $4600." However there is nothing in the order itself purporting to add any new or omitted property to any assessment.

Respondent insists that the law does not provide for the recital of evidence or findings of fact in the records of the respondents and that the fact that these findings were made does not constitute them a part of the record brought up for review. We need not determine that question. It is apparent from a reading of the entire order of the board that it consists merely of an approval of the action of the assessor in assessing the certificates, as personal property, coupled with a detailed statement of the board's interpretation of, and conclusions as to, the terms and legal effect of the declaration of trust. The records do not contain such findings of facts that from said records this court can say that error appears on the face of the record, or that the board acted without jurisdiction, abused its jurisdiction, or acted in excess of its jurisdiction, or that the board on its record erred in failing to vacate the assessments appealed from. A determination of the correctness of the board's conclusions as to

the legal effect of the declaration of trust, or of the certificates, could only be made by a consideration of the written documents themselves.

Relator seeks a construction by us of the declaration of trust, which is Exhibit "C" attached to the stipulation, and a construction of the certificates, and especially asks a determination that said certificates are evidences of interests in real estate and not personal property. In its brief relator says: "The land trust certificates . . . are evidences of beneficial or equitable interests in real property, . . . and they are not choses in action or evidences of loans . . . The declaration of trust divested the Trust Company in its personal and individual capacity of all interest in the real property and vested the legal title thereto in itself as Trustee for the benefit of the certificate holders. The declaration of trust creates a trust estate and makes the property conveyed by it trust property. . . . The declaration of trust and the certificates do vest in the certificate holder's rights and privileges pertaining to the land. . . . The fact that the trust is to terminate within twenty-one years after death of the last survivor of persons who are officers . . . of the Trust Company does not have the effect of converting the certificates into personal property. . . . The fact that the Trust Company, in its individual capacity, reserved the right to own the certificates and has an option to purchase any certificate . . . does not make the certificates evidences of loans and does not have the effect of converting the equitable interests in real property into personal property. . . . The clause prohibiting any person from having any right of dower or curtesy or any other right arising out of the marital rela-tion does not make the interest of the certificate holder personal property. . . . The provision for the passing of a shareholder's shares or certificates upon his death to his executor or administrator does not convert the equitable interest in real estate into personal property. . . . The indenture here grants but an equitable life estate to the shareholder . . . The prohibition of the right to have partition of real property does not make the certificates the evidence of interests in personal property . . . No new or additional property was created by the making of the declaration of trust . . . The certificate holders . . . have no property distinct from the property in the land."

It is apparent therefore that relator seeks a construction of written instruments which were in evidence before the county board of equalization. In this proceeding we may not review evidence presented before the board of equalization nor consider or construe the declaration of trust or certificates which were in evidence before it. We cannot construe said declaration of trust, even though by stipulation a true copy thereof is filed in this court. The declaration of trust is not in the records of respondents which were brought up by the return.

Relator insists that we consider the stipulation filed in this cause, and the admissions therein contained, the allegations in the petition as to the original assessments, and the admissions that they were made, and certain other undenied allegations in the application for the writ with reference to previous difficulties of relator with the taxing authorities, which it is claimed render equitable relief by injunction inadequate. We have considered Exhibits "A" and "B," which are incorporated into and made a part of the return. They constitute the only records of respondents before us. No other records of respondents appear in the abstract of the record. The other facts referred to are not in the return or in the records of respondents before us in this proceeding.

Our attention is directed to certain cases where it appears that in determining whether or not the records of the inferior tribunals under consideration should be quashed, this court, in the course of the opinion, refers to stipulations of facts as filed in this court, admissions of record in this court, admissions in oral argument, conceded facts, facts not in dispute, references to allegations in the application for the writ, and to evidence heard in the inferior tribunal. [See State ex rel. Y. M. C. A. v. Gehner, 320 Mo. 1172, 1175, 11 S. W. (2d) 30 (trial on agreed statement of facts); State ex rel. American Automobile Ins. Co. v. Gehner, 320 Mo. 708-711, 8 S. W. (2d) 1057 (facts not disputed and oral admissions); State ex rel. American Central Ins. Co. v. Gehner, 320 Mo. 901, 903, 9 S. W. (2d) 621 (evidence before board); State ex rel. American Central Ins. Co. v. Gehner, 315 Mo. 1126, 1129, 280 S. W. 416 (references in stipulation to allegations in petition); State ex rel. Compton v. Buder, supra, 308 Mo. 253, 259-260. (stipulated facts in this court); State ex rel. Smith v. Williams, supra, 310 Mo. 267, 270, 275 S. W. 534 (admissions in brief); State ex rel. Orr v. Buder, 308 Mo. 237, 244, 271 S. W. 508 (allegations of petition); State ex rel. Adler v. Ossing, supra, 336 Mo. 386, 389, 79 S. W. (2d) 255 (allegations in petition).]

We think it is apparent that the references made in the opinions referred to resulted from the manner in which those cases were presented and the issues there involved. In none of them was the issue raised (as here) that certiorari was not the proper remedy and that the matter in controversy could not be determined on the record and return in the particular certiorari proceeding.

It cannot be assumed from the references made in any of the above cases that, in the determination of a cause in this court on certiorari, the same may be tried on its merits on an agreed statement of facts presented to and filed with this court, and that from such facts this court may determine whether or not the particular record of the inferior tribunal should have been made. On the other hand, certiorari brings up the records of the inferior tribunal for review and presents only questions of law and not issues of fact. The question of

lack of jurisdiction, or abuse of jurisdiction of the inferior tribunal, or of such tribunal's exercise of excess jurisdiction, or other error in the proceedings must appear from the record of such tribunal as a matter of law, if it is to be reached by certiorari.

Relator, however, is not without a remedy for the determination of its problem, but the matter cannot be decided on certiorari under the facts of this case. In this connection see Boonville National Bank v. Schlotzhauer, 317 Mo. 1298, 1306-1307, 298 S. W. 732; Y. W. C. A. v. Bauman, 344 Mo. 898, 130 S. W. (2d) 499.

For the reasons given the writ is quashed. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.

*NOTE: Opinion filed at September Term, 1939, March 6, 1940; motion for rehearing filed; motion overruled at May Term, 1940, May 7, 1940.