STATE of Missouri ex rel., COLUMBIA SCHOOL DISTRICT et al., Board Members, Relators-Plaintiffs, Appellants,

v.

C. D. THORP, County Superintendent of Schools et al., Constituting the Board of Arbitration, Respondents-Defendants,

New Haven R II School District et al., Board Members, Intervenors.

No. 24600.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1967.

Spencer & Petri, Columbia, for relators-plaintiffs, appellants.

Orr, Sapp & Woods, Columbia, for respondents-defendants and intervenors.

MAUGHMER, Commissioner.

In August, 1964, the City of Columbia, Missouri, extended its city limits so as to include an area which had theretofore been a part of the New Haven R II School District. Section 162.421, V.A.M.S. provides that such an extension shall automatically extend the boundaries of the school district of such city to include the annexed area. Section 165.014, R.S.Mo., 1959 (now Sec. 162.031, V.A.M.S.) provides that: "When-

ever * * * (3) the boundary lines of any district are changed by the changing of the boundary lines of any city, incorporated town, or school district * * * the boards of directors or boards of education of the school districts to which land has been annexed or from which land has been taken * * * shall make a just and proper adjustment and apportionment of all school property, real and personal, including funds, as well as indebtedness, if any, to and among such school districts". This section directs that in making such adjustment and apportionment the amount and assessed value of the land acquired compared with the other land in the districts, as well as the value of the school grounds, together with the buildings thereon, furniture and equipment therein and any other school property shall be taken into consideration in determining the amounts, if any, that shall be assumed and paid off by any of the districts.

When the school boards are unable to agree, then under Section 165.015, R.S.Mo., 1959 (now Sec. 162.041, V.A.M.S.) if either board appeals to the county superintendent of schools, that official with four persons named by him shall constitute a board of arbitration and shall proceed to adjust and apportion the property and indebtedness in accordance with Section 165.-014 (now Sec. 162.031) supra. This statute further makes any sum awarded to a school district "a legal and valid claim against the school district charged therewith".

The school boards involved in the matter before us were unable to agree. The New Haven Board appealed. Mr. C. D. Thorp, Boone County Superintendent of Schools, appointed a board of arbitration and on June 30, 1965, this board made its award. The notice of the award by letter to plaintiffs is included in the petition. It is a part of the record and recites: (1) request for arbitration by the New Haven R II District; (2) that Robert Ambrose, District #96, T. W. Barner, R I, No. 87, Artie Baugh, R IV, 89, Eugene Ballew, No. 42, and Mr. Thorp, County Superintendent, were members; (3) that all were disinter-ested taxpayers of Boone County; (4) that "The decision of the board of arbitration was that a school building is part of a complete educational unit that cannot be divided. Therefore, taking the figures given by both parties it is agreed that the Columbia Board of Education #93 is to pay the New Haven District #88 a total of $9122.96 based on the following:

| "Bond Indebtedness | $5740.50 |
| Interest | 1747.21 |
| Taxes (5%) | 1635.25 |
| | $9122.96 |

"Notice of this decision to be given to the clerks of both boards.

Sincerely,
/s/ C. D. Thorp
"/s/ Robert Ambrose
/s/ Eugene Ballew
/s/ T. W. Barner
/s/ Artie S. Baugh."

On July 13, 1965, the relators-plaintiffs State of Missouri ex rel. Columbia School District and its board of directors, filed in the Circuit Court of Boone County, the instant petition, naming the five members of the board of arbitration as respondents-defendants. On July 15, 1965, pursuant to their motion, the New Haven R II School District and its board of directors were joined as intervenors.

The petition identifies plaintiffs as the Columbia School District and the members of the board thereof, and the defendants as members of the board of arbitration. It asserts that the board (arbitration) "shall hold a hearing and give the affected district reasonable notice of such hearings," and then states it was notified on June 28, 1965 that a hearing would be held on June 30, 1965. The statute (Sec. 165.015—now Sec. 162.041, supra) says the "board may hold hearings after giving the affected districts reasonable notice". The record does not show that appellants objected or sought a delay or contended it had insufficient time in which to prepare for the hearing.

Plaintiffs' petition then alleged "the value of the school grounds, buildings thereon, furniture and equipment therein or the fund balances were in no matter taken into consideration and given as a credit,"; that "said proceedings are altogether outside any statutory authorization; that it was an unlawful procedure, arbitrary action, abuse of discretion and a decision not based upon all factors set forth in the law and that no appeal therefrom is provided by law * * ". The prayer asked the court to (1) reverse the order of the board of arbitration; (2) stay the order; (3) adjudicate upon the legality of said proceedings and (4) make such further adjudications and orders therein as right and justice may require. In their brief plaintiffs described their pleading as a "petition in certiorari requesting review" of the award of the arbitration board.

█ In the transcript and following immediately after the award, plaintiffs attached a document styled "Summary of New Haven R II Columbia School District Settlement". This document sets out what purports to be the assessed valuation of New Haven R II, amount annexed, total assets, total liabilities, the applicable statutes, insurable value of the buildings and an assertion that only $1,635.25 was due the New Haven R II District. It appears that this document was prepared by plaintiffs. It was not made a part of the record proper by the board. Plaintiffs say that by attaching same to their petition it has become a part of the record proper. We do not agree, although this point is not decisive of the case. The award recites that it took into consideration the figures given by both parties but neither was incorporated into the record. The board is not required to make such records, or any testimony heard, or any documents examined a part of the record proper. Reorganized School District, etc. v. John, Mo.App., 312 S.W.2d 171, 173.

Both parties have cited State ex rel. Reorganized School District, etc. v. Robinson et al., Mo.App., 276 S.W.2d 235. That case concerned review by certiorari of a board of arbitration award fixing the boundary between two school districts. The opinion resolves many points which are inherent in questions presented by the controversy before us and we shall make frequent references and quote liberally from that opinion. First from pages 236 and 237:

"Certiorari presents only questions of law on the record brought up by the return and does not permit consideration of issues of fact [State ex rel. Police Retirement System of City of St. Louis v. Murphy, 359 Mo. 854, 224 S.W.2d 68, 73(12)], and evidence and exhibits, even though incorporated in the return, may not be considered unless they are properly a part of the record [State ex rel. St. Louis Union Trust Co. v. Neaf, 346 Mo. 86, 139 S.W.2d 958, 962–963(8, 9)]. The chief purpose of certiorari being to confine an inferior tribunal within its jurisdictional limits [State ex rel. Police Retirement System of City of St. Louis v. Murphy, supra, 224 S.W.2d loc. cit. 73(11); State ex rel. St. Louis Union Trust Co. v. Neaf, supra, 139 S.W.2d loc. cit. 961(2)], the writ affords relief not only where the inferior tribunal is without jurisdiction but also where such tribunal abuses or acts in excess of its rightful jurisdiction. [State ex rel. Woodmansee v. Ridge, 343 Mo. 702, 123 S.W.2d 20, 23(3)]."

Second. In Robinson the board's written award declared that it had acted "after careful consideration of the question of the matter of changing the boundary" but contained no specific affirmative finding as to "the necessity for such proposed change", a commandment of the statute. The court ruled this order did not "show[s] upon its face that the board acted without and in excess of its authority granted under the statute".

Third. In the case before us it is tacitly conceded—certainly not disputed—that the board of arbitration had jurisdiction and this appears from the record. The question is not one of jurisdiction but rather as to the exercise of that jurisdiction. On this point the court in Robinson (p. 239) quoted

with approval from School Districts Nos. 18, 19, 29, 30, Webster County v. Yates, 161 Mo.App. 107, 142 S.W. 791, 793, as follows:

"After a tribunal ·or officer has been shown to have once acquired jurisdiction, his official acts under such jurisdiction will be presumed to be regular and in the due discharge of his duty. It will not be presumed that he had·jurisdiction in the first instance, but after jurisdiction is shown, then the presumption follows in favor of the regularity of his proceedings".

In Ward et al. v. Consolidated School Dist. No. 136 of Nodaway County et al., 225 Mo.App. 1139, 16 S.W.2d 598, 600, it was held that " * * * in the absence of any record purporting to be a complete transcript of the proceedings before the board of arbitrators, their findings must be presumed to have been based upon proper grounds and honestly arrived· at".

Fourth, Robinson, page 240:

"Our courts have frequently announced and heartily approved the salutary and time-honored principle that school laws will be construed liberally to aid in effectuating their beneficent purpose, and that, since the administration of school matters usually rests in the hands of plain, honest and well-meaning citizens, not learned in the law, substantial rather than technical compliance with statutory provisions and requirements will suffice".

Fifth. And at page 241:

"As was said fifty years ago in School District No. 2, etc. v. Pace, supra, 113 Mo.App. 134, 87 S.W. 580, loc. cit. 582, 'if the certificate (judgment) of the arbitrators is not absolutely void on its face, or so indefinite and uncertain as not to show jurisdiction of the board, it will stand the test of a review on writ of certiorari.' Believing that, with the jurisdiction of the board here conceded, the presumption of regularity and right acting should be indulged in the absence of any indication to the contrary, and being

unable to say, from the face of the record before us, that the board acted without and in excess of its jurisdiction [State ex rel. St. Louis Union Trust Co. v. Neaf, supra, 139 S.W.2d loc. cit. 965(15)], we are of the opinion that the judgment of the circuit court should be reversed and the cause remanded with directions to enter judgment quashing the writ of certiorari".

In 78 C.J.S. Schools and School Districts § 79, p. 809, we are told:

"In the absence of statute providing therefor, no appeal lies from a determination made in proceedings for the apportionment of assets or liabilities of a school district on its alteration or dissolution. A writ of certiorari to the board or tribunal which has made such an apportionment brings up for review only the question of the jurisdiction of such tribunal and the regularity of its proceedings".

Appellants say that this court has wide authority to review under Rule 100.08, V.A. M.R. We are not told just what this "wide authority" encompasses but the Supreme Court spoke on the subject in State ex inf. Dalton ex rel. Hough v. Eckley, 347 S.W.2d 704, 707. We quote:

"In Point II of respondents' brief, they state that 'Notwithstanding the statement in Section 165.294 R.S.Mo. [V.A.M.S.] that the "decision of the Board of Arbitration shall be final" the Supreme Court by its Rule 100.08 [V.A.M.R.] has provided that this harsh and patent finality is nevertheless subject to judicial inquiry and review.' If respondents mean that courts may review the merits of changes in boundaries or the merits of a reorganization, they are mistaken. Consolidation and reorganization of existing school districts and the extent thereof as well. as the proceedings to effect such changes are legislative matters and as a rule are not subject to review by the courts".

Continuing at page 710 in Eckley, the court said:

"We have examined the record and have found that the procedure and the action taken by the board of arbitrators were in substantial compliance with the provisions of the statute and sufficient in all respects".

In State ex rel. St. Louis Union Trust Co. v. Neaf, supra, 139 S.W.2d 958, the Supreme Court stated:

"The chief purpose of a writ of 'certiorari' is to give relief to injured party where an inferior tribunal had no jurisdiction, or, having jurisdiction, abused it or acted in excess thereof and the writ cannot be made to serve purpose of an appeal or writ of error". Syl. 2.

"A writ of certiorari is a discretionary writ and may be used to reach errors appearing on face of record which cannot be reached by appeal or writ of error". Syl. 3.

In the case before us it stands conceded that (1) an election was held extending the corporate limits of Columbia, Missouri; (2) a part of the area of New Haven R II School District thereby automatically became a part of the Columbia School District; (3) in such circumstances our statutory law requires an "adjustment and apportionment" of all school property, by the school boards if they can agree and if they cannot agree, then by a board of arbitration if either district appeals; (4) the boards failed to agree and New Haven appealed to the Boone County school superintendent; (5) a qualified board of arbitration was duly appointed, met and after hearing suggestions from both sides, made an award apportioning the property and directing Columbia to pay to New Haven the sum of $9,122.96.

It is apparent that this board of arbitration was clothed with full and complete jurisdiction in the premises. Insofar as the elements of its findings and judgment are concerned it did not exceed its jurisdiction. It decided and determined no more and no less than was required in the exercise of its statutory function. The right of appeal exists only where and when conferred by statute. No appeal is provided for contests of this type. Certiorari presents only questions of law for review. It does not permit consideration and redetermination of issues of fact.

Does the record here on its face show any departure from the applicable law? We think not. In fact jurisdiction and its exercise within prescribed limits appear. The record shows or at least recites compliance with the statutory direction as to consideration of the prescribed elements to be considered in making the apportionment. It shows that the suggestions of both Columbia and New Haven were weighed and considered in arriving at the final determination. Relators say first the proceedings were "outside any statutory authorization". We hold this is not so. Then relators assert the action was "arbitrary, abuse of discretion and a decision not based upon all factors set forth in the law". The record neither supports nor substantiates any of those allegations. We believe relators are in effect, trying to appeal the decision, seeking a review and redetermination by this court of the facts. We are not authorized to do this in these school cases. It is our opinion that the circuit court was right when it denied the request for writ of certiorari.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion by MAUGHMER, C., is adopted as the opinion of the Court.

All concur.