**Dean SWAFFORD et al., Appellants,**

v.

**Otis L. CHANDLER et al., Respondents.**

**No. 24813.**

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 7, 1968.

Application to Transfer Denied Nov. 12, 1968.

Wm. E. Turnage, Liberty, for appellants.

Charles H. Sloan, Wilson D. Hill, Richmond, for respondents.

JAMES W. BROADDUS, Special Commissioner.

This is a suit seeking an injunction against the Ray County Board of Education and a declaratory judgment declaring a certain proposed Plan of Reorganization for three schools in Ray County as illegal.

On August 9, 1966, the Ray County Board of Education delivered a Plan of School Reorganization involving the three districts in that county to the State Board of Education in Jefferson City. The three districts to be affected were Orrick R–XI, Lawson R–IV, and Richmond C–10. Richmond at that time was not a Reorganized District, and the plan proposed to separate about twelve square miles from the Richmond District and add it to the adjacent Lawson District, and separate about four square miles from the Richmond District and add it to the Orrick District, and then reorganize the three districts into Orrick R–11, Lawson R–12 and Richmond R–13.

The County Board of Education had after considerable study unanimously approved the plan. This plan completed the over-all reorganization of the Ray County School Districts and was unanimously approved by the State Board of Education on December 2, 1966. The Ray County Board of Education met December 22, 1966, and made plans for voter approval or rejection of the plan at an election to be held January 24, 1967.

On January 16, 1967, the plaintiffs obtained ex-parte a temporary injunction from Honorable Arthur W. Rogers, Circuit Judge of Ray County, enjoining the holding of the election which was set for January 24, 1967.

Plaintiffs' petition containing two counts was filed the next day, January 17, 1967, seeking a declaratory judgment that the action of the county board was illegal in that such division of Richmond C–10 was not in the best interest of the children involved, and seeking a permanent injunction against any elections in the future to implement the plan. In obedience to the Court's order the election was not held on January 24, 1967.

Defendant, Otis L. Chandler is Superintendent of Public Schools of Ray County, and the other defendants are members of the Ray County Board of Education.

Plaintiffs disqualified Judge Rogers, and Honorable G. Derk Green, Judge of the Ninth Judicial Circuit was transferred by the Supreme Court to hear the cause.

Defendants filed an answer and a motion to dismiss the injunction and after hearing the evidence upon the entire case, the Court ruled for defendants on both counts of the petition. After an unsuccessful motion to set aside the judgment and enter judgment for plaintiffs, the plaintiffs filed their notice of appeal to this Court.

The evidence disclosed that ten of the twenty-four families represented by plain-

tiffs did not have any children in school at the time of the hearing. The children of the remaining plaintiffs constituted a small percent of the total number involved.

The evidence shows that the State Superintendent of Education classifies school systems and under this classification the Lawson School District was classified A, the Orrick School was classified A, and the Richmond School was classified Triple A. They are all approved schools. And there is no distinction made as to admission to state colleges and state universities with reference to graduates from a Class A or Triple A high school.

Mr. Chandler, the Ray County Superintendent of Schools, stated that a Triple A School has to offer about 42½ units and an A School offers about 24½ units. He further stated that a Triple A school has professional counseling service, nursing service and twenty percent of their teachers have to have a master's degree, which a single A school would not have to have.

Mr. Carpenter, the Superintendent of Schools of Orrick, stated his high school offered 39½ units of credit. Mr. Rogers, Superintendent of Schools of Lawson, stated his high school offered 40 units of credit. Mr. Henningsen, the Richmond Superintendent, stated the Richmond High School offered 74¾ units. He also stated that only seventeen units are required to graduate from high school.

A number of parents who had children attending the Richmond Schools and who would be transferred either to Lawson or Orrick schools under the proposed plan testified. All of these parents objected to their children being taken from the Richmond Triple A system and placed in the Lawson or Orrick Single A system.

Plaintiffs contend that "the court erred in entering judgment for the defendants because defendants had no power to divide the unreorganized Richmond District when to do so is not in the best interests of the children."

■ Plaintiffs cite Sect. 162.171 V.A. M.S. which reads as follows:

"In recommending proposed reorganization plans, the county board of education may divide existing unreorganized districts if division is in the best interests of the children, and place any portion in any proposed district, but each proposed district shall be composed of contiguous territory."

The proposed plan completed the over-all reorganization of Ray County. Showing that the Board in arriving at its decision did not ignore this statute we quote certain portions of the testimony of Mr. Herndon, President of the Ray County School Board.

"Q. So that considering all these areas with either no school facility at all and those areas with only a grade school facility the Board did come to some judgment as to a proposed plan of reorganization, is that correct? A. Yes, sir. Q. Now, prior to the proposed plan which was submitted to the State Board did the Ray County Board hold any meetings or hearings relative to these reorganization proposals? A. The Ray County Board has had audience, or every district in the County has had an audience with the Ray County Board in the past three years in regard to reorganization. Q. In other words, they've discussed this matter with every school board in the county, is that correct? A. Yes, sir. Q. So that in that first plan proposed on August 9th and later amended on September the 12th you had considered evidence and testimony from all the Boards in Ray County, Missouri, is that correct? A. That's right. Q. And you also had made available to you information from the State Department, is that correct? A. That is right. Q. Were there other considerations that I have not mentioned in arriving at these proposed plans, Mr. Herndon, engaged in by the Board? A. You are referring to the decision of the Board and how they arrived at it? Q. Yes, sir. A. Well, there has been, if I am allowed to say so, quite a lot of talk about A and Triple A schools here and most certainly

the County Board is not against Triple A schools. We would like to see every student in Ray County in a Triple A school and in studying and proceeding to make these districts our intention was to try to strengthen those districts so that each student in existing districts might progress towards being triple A. We took into consideration geography, and consideration of the roads, how they might best be served, all of those things entered into our decision."

■ It was the duty of the Board to look at the entire C␣unty, and the best interest of *all* of the ␣hildren affected. It could not concentrat␣ on the desires of a few parents to the damage of the great majority of children the plan was designed to help.

Regardless of how much consideration and thought is given to the problem it is not possible to satisfy everyone in drawing boundary lines. Some official body must be empowered with this duty pertaining to school districts, and in this instance that power has been delegated by the Legislature to the Ray County Board of Education. If every individual who is disappointed because he was included or excluded from a certain district by boundary lines not to his liking, could run to the courts and halt the entire matter until he got put in or got out, chaos would certainly result.

In State of Missouri ex rel. Columbia School District et al., Board Members v. Thorpe et al., Mo.App., 411 S.W.2d 851, this Court had before it a case involving an attempted review of an award of arbitration board apportioning school property following extension of a city to include area previously forming part of another school district. In sustaining the trial court's dismissal of the petition and denying relief, the Court quoted from the case of State ex inf. Dalton ex rel. Hough v. Eckley, Mo., 347 S.W.2d 704, 707, as follows:

"If respondents mean that courts may review the merits of changes in boundaries or the merits of a reorganization, they are mistaken. Consolidation and reorganization of existing school districts and the extent thereof as well as the proceedings to effect such changes are legislative matters and as a rule are not subject to review by the courts."

In concluding its opinion this Court said:

"We believe relators are in effect, trying to appeal the decision, seeking a review and redetermination by this court of the facts. We are not authorized to do this in these school [district] cases."

The trial court was correct in ruling against the plaintiffs on both counts of the petition and its decision should be affirmed. Your Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed. All concur.