SHARPE, Respondent, v. SHARPE, Appellant.

St. Louis Court of Appeals, November 17, 1908.

1. DIVORCE: Maintenance: Common Law.   There is no common law jurisdiction in our circuit courts to grant a divorce or allow alimony or to render judgment for maintenance to a wife living separate and apart from her husband; such matters are controlled entirely in this State by statute.

2. ———: ———: Statutes: Jurisdiction.   All legislation relating to divorce and alimony is contained in chapter 20, Revised Statutes 1899, and statutes relating to wife abandonment and maintenance are contained in chapter 51, Revised Statutes 1899; neither subject has any reference to or bearing upon the other; the procedure under both chapters are special and confined to special subjects so that the courts can not engraft one upon the other.   Where a wife brought suit for maintenance under section 4327, Revised Statutes 1899, the court did not have jurisdiction to entertain a cross-bill praying for divorce on the part of the husband.

3. ———: ———: ———: ———: Consent.   In such case the jurisdiction to entertain the cross-bill for defendant could not be conferred by waiver of the plaintiff.   Section 605, Revised Statutes 1899, relating to counterclaims in ordinary civil cases does not apply to cases of this character.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

AFFIRMED.

*George T. Priest* for appellant.

(1) The court erred in setting aside the decree of divorce granted the defendant herein on the ground that it had no jurisdiction of the cross-bill because it was improperly joined in issue. Plaintiff by answering the cross-bill waived all objections upon the joining of issues and was confined to the merits of the cause. Kansas City v. Youmans, 213 Mo. 151; R. S. 1899, secs. 602, 672; House v. Lowell, 45 Mo. 381; Daily v. Houston, 58 Mo. 361; Mead v. Brown, 65 Mo. 352; Thompson v. School Dist., 71 Mo. 495; Blair v. Railroad, 89 Mo. 383; Peckham v. Glass Co., 9 Mo. App. 459; Anderson v. McPike, 41 Mo. App. 328; Sinclair v. Railroad, 70 Mo. App. 588; Rothschilds v. Lynch, 76 Mo. App. 339. (2) The court below erred in setting aside the decree in favor of defendant on the ground that defendant's cross-bill was not a proper joinder of issues. Defendant's cross-bill offered a proper joinder of issues within the meaning of section 605, Revised Statutes 1899, said cross-bill being connected with the subject of the cause of action set out in plaintiff's petition. R. S. 1899, sec. 605; Harvester Co. v. Hill, 104 Mo. App. 544; McAdow v. Ross, 54 Mo. 199; Herman v. McNamara, 77 Mo. 1; Bowman v. Leckey, 86 Mo. 59.

*S. P. Bond* for respondent.

(1) A maintenance suit is in the nature of a suit in equity and is tried by the court. Droge v. Droge, 52 Mo. App. 89. (2) The court had no jurisdiction in a maintenance case to grant a divorce on a cross-bill. Behrle v. Behrle, 120 Mo. App. 679. A divorce rendered by a court without jurisdiction is void for any purpose. Northout v. Limery, 8 Ore. 322.

BLAND, P. J.—Plaintiff and defendant are husband and wife and both reside in the city of St. Louis. Plaintiff brought suit for maintenance in accordance with the provisions of section 4327, Revised Statutes 1899. Plaintiff alleged in her petition that defendant had abandoned her without cause and neglected and refused to support her. By his answer defendant admitted the marriage but denied every other allegation of the petition. He also pleaded a cross action for divorce, to which plaintiff filed a general denial. After hearing the evidence the court dismissed plaintiff's petition and granted defendant a divorce on his cross action. On plaintiff's motion, the judgment dismissing her petition and awarding defendant a divorce was set aside and defendant's cross action for divorce was dismissed, from which action of the court defendant appealed. None of the evidence is preserved in the record and the sole question presented for decision is whether or no a cross action for divorce can be grafted on the statutory action brought by the wife against her husband for maintenance. By filing her reply to the cross action instead of demurring to it, or moving to strike it out, plaintiff waived everything she could as to the regularity or propriety of the cross-bill, that is, she waived everything except the right to question the jurisdiction of the court to decree a divorce on the cross-bill. The memorandum handed down by the learned trial judge shows he was of opinion that he had no judisdiction to grant the divorce on the cross-bill.

The courts of England nor of this country ever exercised jurisdiction at common law to dissolve the bonds of matrimony, except in cases where the marriage was void *ab initio*. The English act of 1858 first conferred this jurisdiction on the common law courts of England; however, prior to that act the ecclesiastical courts of England granted divorces *a mensa et thoro* whenever it was improper or impossible for the parties

to live together, and in such cases the court ordered a periodical allowance to be paid by the husband to the wife for her support. There being no common law jurisdiction in our circuit courts to dissolve the bonds of matrimony or to allow alimony, or to render judgment for maintenance to a wife living separate and apart from her husband, we must look to the statutes of our own State for the power to do either. This power is conferred by section 2922, chapter 20, and section 4327, chapter 51, Revised Statutes 1899. See also Doyle v. Doyle, 26 Mo. 545; McIntire v. McIntire, 80 Mo. 470. All the legislation we have on the subject of divorce is grouped in chapter 20, Revised Statutes 1899, under the head of "Divorce, Alimony and Custody of Children." The statutes relating to wife abandonment and maintenance are found in chapter 51, Revised Statutes 1899, under the title of "Married Women." The legislation in respect to both of these subjects is complete in itself and prescribes the mode of procedure. Neither subject has any reference to or bearing upon the other, and a divorce can only be obtained for one or more of the causes enumerated in the first section of chapter 20. An abandoned wife can procure an allowance to be paid to her for her support by her husband in no other manner or by any other procedure than that prescribed in the first section of chapter 51. The procedure under both chapters is special and confined to a special object, therefore, it is beyond the power of the courts, or of the parties, by consent or otherwise, to engraft any other action, by way of counterclaim, or otherwise, upon a proceeding under either of these chapters not specially provided for therein. Nor can they commingle the procedure under one of the chapters with the procedure under the other, for they are distinct and separate provisions of the law, relating to separate and distinct subject-matters, and while the parties to a divorce suit may, by consent or

by appearance, vest the court with jurisdiction of their persons they cannot, by consent or by waiver, confer jurisdiction of the *res*. Jurisdiction of the subject-matter can only be acquired by the filing of a petition in which is stated all the jurisdictional facts set forth in sections 2922, 2924, chapter 20. [Stansbury v. Stansbury, 118 Mo. App. 427; Johnson v. Johnson, 95 Mo. App. 329; Hinrichs v. Hinrichs, 84 Mo. App. 27.] Sections 4327, 4327a, Mo. Ann. St. (1906) comprehend all the legislation there is in respect to suits by the wife against her husband for maintenance. The only issue of fact that can be properly raised or tried are whether the husband, without good cause, has abandoned his wife and neglected or refused to support her. Section 605, Revised Statutes 1899, relating to counterclaims in ordinary civil actions has no application to suits of this character. It will be a perversion of the statute and thwart the very object it is intended to accomplish if the husband could plead as a defense to his wife's action for maintenance, that she was indebted to him; and to sue her by cross-bill for divorce would take the case out of the purview of the statute providing for the suit by converting it into an action for divorce which, as we have seen, cannot be done.

The judgment is affirmed. All concur.