KATHERINE KENNEDY, APPELLANT, v. JAMES KENNEDY, RESPONDENT.*
—23 S. W. (2d) 1089.

St. Louis Court of Appeals. Opinion filed January 7, 1930.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2670, p. 740, n. 40.

*Chilton Atkinson* and *Frank C. O'Malley* for appellant.

*James T. Blair, Jr.,* and *Sam C. Blair* for respondent.

HAID, P. J.—This is an appeal from a decree dismissing the petition of appellant. The suit was filed March 13, 1925, to set aside a judgment or decree of divorce obtained by James Kennedy against Katherine Kennedy on April 20, 1922, on the ground that such decree was void because of the want of a sufficient allegation as to plaintiff's residence prior to the filing of his petition. The allegation attacked is that:

"Plaintiff further says that he is now and has been for a space of one whole year before filing this petition a resident of the State of Missouri, and now resides in St. Louis, Mo."

There is no allegation in the present petition that the plaintiff in the divorce case was not a resident of the State for one whole year next before the filing of the petition.

An answer to the petition in this case was filed which pleaded the *certiorari* proceeding in the Supreme Court (267 S. W. 619) and set up the laches of the plaintiff in the present proceeding.

The record discloses that the defendant in the divorce case was served with summons but that she failed to plead and did not appear at the trial after a default had been granted against her. On April 24, 1922, she filed a motion to set aside the decree of divorce setting out her reasons for her failure to plead and alleging she had a meritorious defense and desired to make defense and file cross-bill but did not attack the sufficiency of the allegations of the divorce petition. This motion was denied but she took no appeal from the decree.

There was testimony introduced as to when one of plaintiff's present attorneys was employed, in 1923; that said attorney was unable to locate Mr. Kennedy to serve process on him and because of that fact he applied to this court on June 23, 1923, for a writ of *certiorari*, which was denied; that then he made application to the Supreme Court for a like writ, which was denied about January, 1925, and then the present proceeding was instituted. There were other facts shown concerning Mrs. Kennedy's efforts to have the decree of divorce set aside, but they are unnecessary to a consideration of the question before us. Many of those facts are set out in the opinion of the Supreme Court in the *certiorari* proceeding in that court (267 S. W. 619).

The contentions of the plaintiff (appellant) may be summed up in the statement that every petition for divorce in this State must contain the averment that the plaintiff has resided within the State one whole year *next* before the filing of such petition, or else that the offense or injury complained of was committed within the State or while one or both of the parties resided within this State; that in the absence of such allegation the trial court is lacking in jurisdiction because the petition is fatally defective and will not support a judgment.

In a divorce case, we are bound to observe the provisions of Sections 1811 and 1812, Revised Statutes Missouri, 1919, that no final judgment therein shall be reversed, annulled or modified unless an appeal shall have been granted during the term at which the decree was rendered, or a writ of error shall have been issued within sixty days after the order was made or judgment rendered, and that no petition for review of any judgment for divorce shall be allowed, any law or statute to the contrary notwithstanding. An exception to the rule laid down in those sections of the statute is as to a case of the character involved in the decision of Dorrance v. Dorrance, 242 Mo. 625, 148 S. W. 94. Assuming that an action to set aside a void judgment is likewise an exception, we will proceed to determine whether the judgment attacked here is void.

It is true that in many of the decisions in this State it is held that to support a judgment or decree of divorce a complete jurisdictional

averment, substantially in compliance with the statute, must appear in the petition, but in a majority, at least, of those cases it was unnecessary to determine the question as to whether a judgment is void because of a defective averment. It will be found that they were direct proceedings by appeal or writ of error from the decree sought to be reviewed and, as it seems to us, could not have been intended to hold that simply because of an inaccurate statement of a jurisdictional averment in the petition, notwithstanding the fact that the evidence produced might have supplied the necessary facts required to be found to justify the granting of the decree, the decree rendered therein would nevertheless be void.

The appellant relies upon the following four cases: Cheatham v. Cheatham, 10 Mo. l. c. 299, in which the court stated that one or the other of the facts required by our present Section 1804, Revised Statutes Missouri, 1919, is made essential to give jurisdiction to the court, but it did not have before it the question here involved. This court in the case of Amerland v. Amerland, 188 Mo. App. 50, 56-59, 173 S. W. 104, held that an entire absence of an allegation from an amended petition was fatal and reversed the decree of the circuit court for that reason. Each of these cases was upon appeal taken from the decrees complained of and in neither of them was there before the court the question of whether such judgment was merely voidable or void, while the case of Collins v. Collins, 53 Mo. App. 470, held that it was not necessary that the very words of the statute should be stated in a petition for divorce but that it was sufficient that it contained an allegation to cover the intent and meaning of the statute, and the petition in that case, failing in this respect, the decree of divorce was reversed and the cause remanded. The case of Sharpe v. Sharpe, 134 Mo. App. 278, 114 S. W. 584, merely held that in an action by the wife for maintenance, the husband could not file a counterclaim for divorce and that our statute with reference to counterclaim has no application because jurisdiction of divorce cases can only be obtained by virtue of the divorce statute.

In the case of Pate v. Pate, 6 Mo. App. 49, upon appeal, the court held that "the libel itself must allege every fact the existence of which is by statute made necessary to the granting of the divorce; and when this is not done in the petition, substantially as required by statute, the bill should be dismissed" . . . That "In every case where divorce is sought, it should appear plainly on the face of the petition that the facts giving jurisdiction to the court exist."

It is apparent, therefore, that upon a timely appeal, our courts hold that they will not sustain a decree of divorce based upon a petition which is wanting or defective in its jurisdictional averments.

But is that rule to be applied to a case such as we have here? We think not, and for the reasons indicated in the following cases:

The case of Werz v. Werz, 11 Mo. App. 26, was a case by the second husband for divorce from his then wife, based upon her failure to allege in her petition for divorce from her former husband, that she was a resident of St. Louis county. It is perhaps true that this related only to the venue, and the action was a collateral one, yet what the court says in that opinion seems quite apropos to the question here. The court says (at page 31), that a mere failure to aver a jurisdictional fact in the petition renders the whole proceeding a mere nullity, cannot be sustained upon sound principles. It then proceeds as follows:

"Certainly the doctrine thus laid down cannot be carried so far as to render decrees in divorce proceedings, which omit to recite the jurisdictional facts in question, open to collateral attack. The question in such cases is, not whether, in point of fact, the court had jurisdiction, but whether it was competent to ascertain whether it had or not, and whether it must have ascertained that it had, before proceeding to judgment. If its record show affirmatively that it had not jurisdiction, there is an end of controversy, for its judgment is void. If its record is silent on the question, then the question is whether the character of the court and the nature of the proceeding are such that jurisdiction will be presumed. Jurisdiction, as I understand the rule, will always be presumed where the court which rendered the judgment was a court of record having jurisdiction over the subject-matter of the proceeding, and where the proceeding itself was conducted according to the ordinary course of proceedings at common law or in equity."

In the case of Smith v. Smith, 48 Mo. App. 1. c. 617, the court says that, "even if in proceedings for divorce courts are to be held as exercising special statutory powers, yet it is sufficient to make their judgments valid, if their jurisdiction appears from the entire record, and it is not essential to the validity of their judgments that all jurisdictional facts should appear from plaintiff's petition. Such we understand to have been the law in this State for many years past, if not always. In view of this the opinion of this court in Cole v. Cole, supra, is not the law at the present day, if it ever was, and should be overruled."

And the court further, with approval, quotes the following from the case of Hansford v. Hansford, 34 Mo. App. 271: "'Where the necessary jurisdictional facts appear by the record, and are found by the court to exist, the opposing party in a divorce suit is precluded from showing that they did not exist as a matter of fact, except upon proceedings by appeal or writ of error. There cannot on principle be a difference between the finding of jurisdictional facts, and the finding of other facts essential to a decree, in any proceeding of which the party challenging the decree is presumed in

contemplation of law to have had due notice.' [Hansford v. Hansford, 34 Mo. App. 271.]"

Our Supreme Court, in the case of Harter v. Petty, 266 Mo. l. c. 304, 181 S. W. 39, said that, "The mere silence of the record is not sufficient to overcome the presumption that the given judgment was rendered after jurisdiction had attached."

In the case of Hagerman v. Sutton, 91 Mo. l. c. 528, 4 S. W. 73, the court cites with approval a decision of the Supreme Court of Ohio to the effect that, "The distinction is between a lack of power or want of jurisdiction in the court, and a wrongful or defective execution of the power. In the first instance all acts of a court not having jurisdiction or power, are void, in the latter voidable only."

In the case of Cole v. Parker-Washington Co., 276 Mo. 220, 207 S. W. 749, 766, the court says, "that the judgment of a court of general jurisdiction, having the parties to the controversy before it, and having power to determine the class of cases for which relief is prayed, is not void, because of the failure of the petition to state a cause of action." [Sidwell v. Kaster, 289 Mo. 188, 232 S. W. 1005; see also 33 C. J., p. 1078 (par. 39) 6.]

In the present case no attack is made upon the jurisdiction of the circuit court to hear and determine the action for divorce; that court, therefore, had jurisdiction of the subject-matter of the action and of the parties to the action. In 33 C. J., page 1078 (par. 39) 6, it is said that, "Want of jurisdiction must be distinguished from error in the exercise of jurisdiction. Where jurisdiction has once attached mere errors or irregularities in the proceedings, however grave, although thay may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void."

Although the Federal courts are courts of limited jurisdiction in the sense that they can exercise no jurisdiction other than in the cases enumerated in the Constitution and conferred upon them by the acts of Congress, yet, in a case based on diversity of citizenship if the petition filed does not disclose the fact that the parties to the suit are citizens of different states or is a suit between citizens and aliens, but the whole record discloses such fact, it is held to be sufficient to support the jurisdiction of those courts.

In the case of Sun Printing & Publishing Co. v. Edwards, 194 U. S. l. c. 382, the court said,

"Had the transcript shown nothing more as to the status of Edwards than the averment of the complaint that he was a 'resident of the State of Delaware,' as such an averment would not necessarily have imported that Edwards was a citizen of Delaware, a negative answer would have been impelled by prior decisions. [Mexican Central Ry. Co. v. Duthie, 189 U. S. 76; Horne v. George H. Hammond Co., 155 U. S. 393; Denny v. Pironi, 141 U. S. 121;

Robertson v. Cease, 97 U. S. 646.] The whole record, however, may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship, and if the requisite citizenship, is anywhere expressly averred in the record, or facts are therein stated which in legal intendment constitute such allegation, that is sufficient. Horne v. George H. Hammond Co., supra, and cases cited.

"As this is an action at law, we are bound to assume that the testimony of the plaintiff contained in the certificate of the Circuit Court of Appeals, and recited to have been given on the trial, was preserved in a bill of exceptions, which formed part of the transcript of record filed in the Circuit Court of Appeals. Being a part of the record, and proper to be resorted to in settling a question of the character of that now under consideration (Robertson v. Cease, 97 U. S. 646, 648), we come to ascertain what is established by the uncontradicted evidence referred to."

And in the case of Waite v. Santa Cruz, 184 U. S. l. c. 327, the court says, "This court will not reverse a judgment for want of jurisdiction in the circuit court if its jurisdiction sufficiently appears either from the pleadings or from the record."

As we view the situation, unless we are able to hold that the judgment in the divorce case is void, we are precluded by sections 1811 and 1812 of the Revised Statutes from considering the matter. In the divorce proceeding, as heretofore shown, the petition alleged that plaintiff "is now and has been for the space of one whole year before filing this petition a resident of the State of Missouri, and now resides in St. Louis." We are not called upon in this case to determine the sufficiency of this allegation against an attack by demurrer or motion to make more definite and certain and, therefore, we express no view on that question. But assuming that it is insufficient when timely attacked, we have here the fact that the defendant in the divorce case was served with process and made no complaint as to the sufficiency of the petition and, thereafter, within four days after the granting of the decree of divorce, filed a motion to set aside the decree, in which she failed to attack the sufficiency of the petition.

Doubtless it is the better practice to plead all of the jurisdictional facts and preferably in the language of the statute conferring such jurisdiction, but where there is an allegation, though faulty, we must, in the light of cases heretofore referred to, presume that the court had before it facts which authorized the entry of the decree unless a showing is made that facts did not exist which would sustain a finding essential to the granting of the decree.

But there is yet another matter that challenges attention upon the present petition. While plaintiff alleges that the charges of misconduct made against her in the petition for divorce were false and

that she had ample evidence to disprove the same, she does not allege that, as a matter of fact, the plaintiff was not a resident of the State of Missouri for one whole year next preceding the filing of his petition. We must presume, therefore, in the absence of an allegation to the contrary, that the evidence either did show or, if the question had been raised, would have shown, that as a matter of fact plaintiff in the divorce case was.a resident for the time required to authorize the granting of a decree under the statute.

Counsel for appellant, in his oral argument, made an earnest and vigorous appeal in behalf of his client, and his words reached sympathetic ears. Had the attorneys for the appellant in the divorce case raised the question there that has been presented here it would probably not have been necessary to have instituted this proceeding.

In light of the multitude of divorce cases that have been before our courts, it may well be that there are among them, cases in a similar situation as this one and a view contrary to that taken by us as above, would void all such decrees. For the reasons already expressed we are constrained to hold that the judgment in the divorce case is not void and, therefore, the decree of the circuit court in this case must be affirmed. It is so ordered. *Becker* and *Nipper, JJ.,* concur.