State of Missouri at the relation of E. E. Renner, Wm. J. Peregory and Hattie Peregory, Relators, v. Edmund L. Alford, Judge of the Hannibal Court of Common Pleas, and of the Tenth Judicial Circuit.—122 S. W. (2d) 905.

Division One, December 20, 1938.

*Roy Hamlin* for relators.

*Elgin Fuller* and *Roger Hibbard* for respondent.

578

GANTT, J.—Action in certiorari. Relators seek to have quashed the judgment of the Hannibal Court of Common Pleas in the *habeas corpus* action of Ethel Watson Miller v. Wm. J. and Hattie Peregory. In said action Ethel Watson Miller sought the custody of Ernest Raymond Renner, four and one-half years of age, who was in the actual custody of Wm. J. and Hattie Peregory. ▮ On a review in certiorari, mere evidence is excluded and we are limited to questions of jurisdiction and errors appearing on the face of the record.

▮ In the *habeas corpus* action respondents Wm. J. and Hattie Peregory filed a "motion to dismiss" the petition and the writ. It alleged that the petition "does not state facts sufficient upon which to grant the writ of *habeas corpus*." The court overruled the motion.

In substance the petition for said writ filed on July 9, 1937, alleged that Ernest Raymond Renner, four and one-half years of age, is unlawfully deprived of his liberty by Wm. J. and Hattie Peregory; that the petitioner, Ethel Watson Miller, is the mother and sole legal parent of said child; that E. E. Renner in a petition filed in the juvenile division of the Hannibal Court of Common Pleas at the January Term, 1936, sought the adoption of said child; that a purported judgment was rendered by said court decreeing the adoption of said child by E. E. Renner; that said judgment of adoption was rendered without the written consent of the petitioner, Ethel Watson Miller, and without jurisdiction over the person of Ethel Watson Miller, as required by the adoption statute of this State in that

there was no allegation in the petition for adoption that Ethel Watson Miller, the mother of said child, was a nonresident of this State; that the petitioner for adoption, E. E. Renner, made no affidavit that she was a nonresident of this State; that no summons was issued for her on which a *non-est* return could be made; that no return was made by an officer on which to base an order of publication, and that there was no order made by said court for the publication of notice to Ethel Watson Miller in said adoption action.

■ I. Relators assign error on the overruling of the "motion to dismiss." They contend that the *habeas corpus* action is a collateral attack on the adoption judgment of a court of competent jurisdiction and that said attack is prohibited by Secs. 1457 and 1460, Revised Statutes 1929, of the *habeas corpus* act.

Those sections provide that the legality of the judgment of another court cannot be inquired into in a *habeas corpus* action. In the instant case if the purported adoption judgment was rendered without the written consent of the mother and without actual or constructive service on her, it would not be a judgment and its legality as such could not arise. The rule is stated as follows:

"The alleged decree of adoption in the case at bar was had without the consent of or notice to the Child Saving Institute, the legal custodian of the child in question, and for that reason such alleged decree is not conclusive on such institute and may be collaterally attacked by it. The general rule that a judgment of a court of competent jurisdiction is binding until it is reversed, and that another court cannot, by means of a writ of *habeas corpus,* look beyond a judgment and re-examine the proceedings on which it is based, applies only to parties and privies to such judgment. It is held in Beatty v. Davenport, 45 Wash. 555, 88 P. 1109, 122 Am. St. Rep. 937, 13 Ann. Cas. 585, that a decree for the adoption of a child may be collaterally attacked by a parent in a *habeas corpus* proceeding to recover possession of the child, when such parent was not a party to the adoption proceedings, and had no actual or constructive notice thereof." [Child Saving Institute v. Knobel, 327 Mo. 609, 37 S. W. (2d) 920, l. c. 926.]

The court ruled correctly on the motion to dismiss.

■ II. Relators also assign error on the refusal of the court to permit E. E. Renner to file an intervening petition in the *habeas corpus* action.

The intervening petition presented no additional issue. In substance it alleged that Wm. J. and Hattie Peregory had the actual custody of the child as agents for E. E. Renner, and that E. E. Renner was awarded custody under a judgment of adoption rendered at the January Term, 1936, of the Hannibal Court of Common Pleas.

The case was tried on the theory that the Peregorys were the agents of Renner in caring for the child and that they claimed the custody of the child under the purported judgment of adoption. The error, if any, of the trial court in refusing to permit Renner to intervene could not have been prejudicial.

III. Relators also assign error on the refusal of the court to consider the welfare of the child.

The welfare of the child was not an issue in the case. The rule is stated as follows:

"In this connection it may be well to observe that the petitioner's financial ability to support her child and her moral fitness to be intrusted with its care and custody may not be questioned for any purpose of this proceeding. As its natural and statutory guardian she is entitled to such care and custody, unless the right has been cut off by the decree of adoption. And the validity of the decree in its turn depends upon whether the statute pursuant to which it was rendered, was in all essential respects substantially complied with. . . ." [Rochford v. Bailey, 322 Mo. 1155, 17 S. W. (2d) 941, l. c. 943.]

It should be stated that respondents Peregory introduced in evidence all the files and records in the adoption action. From said files and records the court could find that Ethel Watson Miller had not given her written consent to the adoption of the child by Renner and that she had neither actual nor constructive notice of the adoption action. It must have so found, for it ruled the adoption judgment void and awarded to her the custody of the child.

It follows that our writ was improvidently issued and should be quashed. It is so ordered. All concur.