State ex rel., J. D. Rodgers, Relator, v. Warren L. White, Judge of the Circuit Court of Greene County, Respondent.—201 S. W. (2d) 781.

Springfield Court of Appeals. April 24, 1947.

*Stemmons & Colvin* for relator.

*H. L. Teaff* for respondent.

VANDEVENTER, J.—This is an original action of prohibition. Elsie Marie Rodgers is a resident of Greene County, and her husband, J. D. Rodgers, is a resident of Lawrence County. On the 29th day of January, 1947, she filed a separate maintenance suit against her husband in Greene County. Summons was issued by the clerk of the circuit court of Greene County and it was served upon the defendant in Lawrence County by the Sheriff of that county. The defendant (appearing for the purpose of the motion only) filed a motion to dismiss or, in the alternative, to quash the summons because the court had no jurisdiction over his person. This motion was overruled by the trial judge and the defendant was ordered to file an answer within ten days. Instead of obeying the order, he filed an application for a writ of prohibition in this court. A preliminary writ was issued. A return to the writ was filed admitting the facts as herein set out. Briefs have been filed and the question for us to decide is, whether a suit for separate maintenance must be filed in the county in which the defendant lives or in the county in which the plaintiff lives and the defendant may be found as provided by Section 871, Revised Statutes of Missouri, 1939, or may the suit be

instituted in the county where the plaintiff lives and process issued to and service had in any county in the state where the defendant lives as provided by Section 1515, Revised Statutes of Missouri, 1939.

There was no divorce or separate maintenance at common law. In Missouri it is all statutory. The first law on the subject was passed May 13, 1807 (1 Territorial Laws 90) under the general title of "Divorce and Alimony" and provided for divorce from bed and board as well as from the bonds of matrimony. This was changed after the state was admitted to the Union and on January 17, 1925 a new act on divorce and alimony was approved containing a section permitting a divorce from bed and board on the grounds of extreme cruelty and also a divorce from bed and board might be granted for any of the reasons that would entitle the petitioner to a divorce from the bonds of matrimony.

Section 9 of this act, for the first time in this state, provided for a separate maintenance suit and with slight changes it is the same as Section 3376, Revised Statutes of Missouri, 1939. This Section was retained in the Chapter on "Divorce and Alimony" until 1865. [Revised Statutes of Missouri, 1835, p. 225; Revised Statutes of Missouri, 1845, p. 428; Revised Statutes of Missouri, 1855, p. 665]

In 1865, the revising session of the legislature took the separate maintenance section from the chapter on "Divorce and Alimony" and built around it another chapter, No. 115, entitled "Of Husband and Wife and the Rights of Married Women." Under chapter 114, entitled "Of Divorce, Alimony and Custody of Children" it left all of the old sections relating to divorce and added two new ones, not material here. In this new chapter 115, Section 6 provides: "The petition of a married woman for any of the purposes before mentioned, may be brought, heard and determined in the circuit court, and the like process and proceeding shall be had thereon as are had in other civil cases." This section is the same as Section 3382, Revised Statutes of Missouri, 1939, except in the former, it uses the words, "may be brought" and in the latter "may be filed," and the word "thereon" is omitted.

The Constitution of 1820, Article 3, Section 35 provided for the revision of the Statutes every ten years, and asserted that "all the statute laws of a general nature, both laws civil and criminal, shall be revised, digested, and promulgated in such manner as the General Assembly shall direct; . . ."

It appears that under this constitutional mandate, at each revising session thereafter until 1865, the legislature repealed all existing laws and re-enacted all laws that were included in the current revision. [Revised Statutes 1835, page 384, Section 53; Revised Statutes of Missouri, 1845, page 699, Section 20; Revised Statutes of Missouri, 1855, Vol. 2, page 1027, Section 20.] In 1865 (Title LI. Page 882, Chapter 224, Section 2) the legislature repealed all the statutes of

a general public and permanent nature contained in the revision of the Eighteenth General Assembly of 1854 and 1855 and re-enacted in place thereof, the general statutes.

As stated, that revision contains a special chapter on "Divorce, Alimony, and Custody of Children" and another separate chapter on "Husband and Wife and the Rights of Married Women." These two chapters have been separate and distinct in all subsequent revisions. It would seem therefore that if, under the law prior to that time, a wife in a separate maintenance suit might file her petition in the county in which she lived and get service upon her husband in any other county in the state, that right was taken away by the legislature in 1865.

In discussing these two chapters [as they appeared in Revised Statutes 1899] in the case of Sharpe v. Sharpe, 134 Mo. App. 278, 114 S. W. 584, BLAND, P. J., in speaking for the court said in part:

"There being no common law jurisdiction in our circuit courts to dissolve the bonds of matrimony or to allow alimony, or to render judgment for maintenance to a wife living separate and apart from her husband, we must look to the statutes of our own State for the power to do either. This power is conferred by section 2922, chapter 20, and section 4327, chapter 51, Revised Statutes 1899. . . . All the legislation we have on the subject of divorce is grouped in chapter 20 Revised Statutes 1899, under the head of Divorce, Alimony and Custody of Children." The statutes relating to wife abandonment and maintenance are found in chapter 51, Revised Statutes 1899, under the title of "Married Women." The legislation in respect to both of these subjects is complete in itself and prescribes the mode of procedure. Neither subject has any reference to or bearing upon the other, and a divorce can only be obtained for one or more of the causes enumerited in the first section of chapter 20. An abandoned wife can procure an allowance to be paid to her for her support by her husband in no other manner or by any other procedure, than that prescribed in the first section of chapter 51. The procedure under both chapters is special and confined to a special object, therefore, it is beyond the power of the courts, or of the parties, by consent or otherwise, to engraft any other action, by way of counterclaim, or otherwise, upon a proceeding under either of these chapters not specially provided for therein. Nor can they commingle the procedure under one of the chapters with the procedure under the other, for they are distinct and separate provisions of the law, relating to separate and distinct subject-matters, and while the parties to a divorce suit may, by consent or by appearance, vest the court with jurisdiction of their persons they cannot, by consent or by waiver, confer jurisdiction of the RES. Jurisdiction of the subject matter can only be acquired by the filing of a petition in which is stated all the jurisdictional facts set forth in sections 2922, 2924, chapter 20. Sections 4327, 4327a, Mo. Ann. St.

(1906) comprehend all the legislation there is in respect to suits by the wife against her husband for maintenance.''

Section 871 of the Revised Statutes of Missouri 1939 under Article entitled ''Place of Bringing Actions'' says:

''Suits instituted by summons shall, except as otherwise provided by law, be brought: First, when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; . . .''

The above subdivision of this section was first included in an act of January 11, 1821 (1 Territorial Laws, p. 844, Sec. 8) and it has been in that form since that date. (Chapter 163, Section 1, Revised Statutes 1865.)

This section governs the place of bringing actions and was undoubtedly what was referred to by the legislature in Section 6 of Chapter 115 in 1865, now Section 3382, Revised Statutes.

We have been cited to the case of Silverman v. Silverman (Mo. App.), 95 S. W. (2d) 1237, which is the only case in this state squarely upon the proposition confronting us. While that court does not discuss Section 1515, Revised Statutes 1939, it arrived at the same conclusion that we have and that is that the general statute (Section 871) on the place of bringing actions applies to separate maintenance suits and not Section 1515 which now applies to divorce suits only. For these reasons, the learned trial court did not have jurisdiction of the person of the defendant and can not legally proceed to trial upon the proceedings instituted, or require the defendant to file an answer. The writ of prohibition should be made permanent. It is so ordered. *Fulbright, P. J.,* and *Blair, J.,* concur.

PETITION FOR WRIT OF PROHIBITION

The State of Missouri, at the relation and to the use of J. D. Rodgers, complains and alleges:

I. That on the 30th day of January, 1947, one Elsie Marie Rodgers filed in the Circuit Court of Greene County, Missouri, her petition against relator, J. D. Rodgers, for separate maintenance, and praying for maintenance and attorney fees for the prosecution of her action.

II. That on said 30th day of January, 1947, the Clerk of the Circuit Court of Greene County, Missouri issued a summons directed to the Sheriff of Lawrence County, Missouri, which summons was served on the relator J. D. Rodgers, by the Sheriff of Lawrence County, Missouri, on January 31, 1947 in the County of Lawrence and State of Missouri.

III. That thereafter the said relator, J. D. Rodgers, filed a Motion in the Circuit Court of Greene County, Missouri, verified by his

affidavit, to dismiss the petition, or, in the alternative to quash the summons and service of the same, and as grounds for said motion alleged that he was not at the time of the institution of said action, or at the time of service of the summons upon him, a resident of Greene County, Missouri, but that he was a resident of Lawrence County, Missouri, and that the said relator, J. D. Rodgers, was not found or served with summons in Greene County, Missouri, but that a copy of said petition and summons was delivered to him by the Sheriff of Lawrence County, Missouri in said County of Lawrence and State of Missouri. The defendant further alleged in his said motion that the said Circuit Court of Greene County, Missouri was without jurisdiction of his person, and that the said cause was filed in the County of the wrong venue in that it should have been filed in the county of the defendant's residence, or in the county wherein the plaintiff resides and the defendant could be found. That said motion was not controverted by counter-affidavit, and the same was called up for a hearing before the Honorable Warren L. White, Judge of the Circuit Court of Greene County, Missouri, respondent herein, and duly heard and considered by him and was by said Court by order of record duly made on the 8th day of March, 1947, overruled, and refused to dismiss said cause or to quash the service of the summons, and threatens to proceed and hear said cause and grant such orders as may be necessary for determination thereof, without having any jurisdiction over the person of the defendant herein.

IV. A verified copy of the petition herein mentioned, the summons, and Sheriff's return thereon, and the motion to dismiss or in the alternative to quash the summons and service of the same, and the order of the Court overruling said motion are herewithin filed, made a part hereof, and fully alleged as if the same were set forth herein.

V. That this petitioner has no speedy or adequate remedy by appeal or otherwise for the reason that the Court will proceed to hear and determine the matters pertaining to temporary maintenance, alimony and attorney fees, and require the said relator to pay the same before it can be heard on the merits of said case, all without jurisdiction to do so.

WHEREFORE, your petitioner prays that this Court issue its writ or prohibition, commanding said Court to desist from any further proceedings in said action.

J. D. RODGERS, Petitioner

By NORTON A. COLVIN and STEMMONS & COLVIN,

Mt. Vernon, Missouri, his attorneys.

STATE OF MISSOURI } SS.
County of Lawrence

Norton A. Colvin, being duly sworn according to law, makes oath and says:

That the annexed copy of the petition, summons and motion to dismiss, or, in the alternative, to quash the summons and service of the same, and the order overruling said motion true and correct copies of the original.

NORTON A. COLVIN.

Subscribed and sworn to before me on this the 11th day of March, 1947. My commission expires: May 31, 1950.

WILLIAM A. RATICAN,.JR.
Notary Public.

RELATOR'S SUGGESTIONS IN SUPPORT OF WRIT OF PROHIBITION.

Elsie Marie Rodgers commenced an action in the Circuit Court of Greene County, Missouri for separate maintenance. A summons was issued by the Circuit Clerk of Greene County, Missouri to the Sheriff of Lawrence County. The defendant in said maintenance action and relator here was served with summons in Lawrence County, Missouri, herein.

The relator filed a motion to dismiss said cause or to quash the summons and service thereof for the reason that he was not served in Greene County, Missouri and was not a resident of said County of Greene, but resided at all times in Lawrence County, Missouri.

On a hearing of said motion, the respondent, Warren L. White, Judge of the Circuit Court of Greene County, Missouri overruled the same and gave the said relator ten days in which to answer.

The petition seeks temporary maintenance, alimony and attorney fees, which will be granted unless prohibition issues. The Court is without jurisdiction to determine any matter in said cause. Case of Silverman v. Silverman, 95 S. W. (2d) 1237, holds that in an action for separate maintenance, the general venue statute applies; that this being true, plaintiff was entitled to bring her action either in the County in which the defendant resided or in the County in which she herself resided and the defendant was to be found. This case has never been overruled.

The learned respondent states that his opinion is directly contrary to the rule announced in Silverman v. Silverman, but states that in his opinion the Court overlooked the language used in Section 1515, which fixes the venue for causes of divorce, alimony and maintenance.

We urge that the Silverman v. Silverman case is controlling, and that Section 1515 Revised Statutes for Missouri, 1939, has no application whatever.

In the case of Sharp v. Sharp, 134 Mo. App. 278, which has never been overruled, the Court held that all legislation relating to divorce and alimony in the Statutes relating to wife abandonment and maintenance in the separate chapters of the Missouri law has any reference or bearing upon the other, and that the proceedure under both chapters are special and confined to special subjects, sc that the courts cannot engraft one upon the other.

We submit that prohibition is the only adequate remedy, because the petitioner can be made to pay counsel fees, temporary alimony and maintenance pending litigation by Court acting in excess of jurisdiction.

Respectfully submitted,

STEMMONS AND COLVIN, Mt. Vernon, Mo.

By NORTON A. COLVIN.

RETURN TO THE PRELIMINARY WRIT OF PROHIBITION.

Comes now Warren L. White, Judge of Division Two of the Circuit Court of Greene County, and for his return to the Preliminary Writ of Prohibition herein, and for his answer to the petition of relator, admits, denies and alleges as follows:

1. Respondent admits all of the allegations of fact contained in paragraphs I, II and III of said petition.

2. Respondent denies the conclusion of law contained in the last line of paragraph III wherein relator alleges that respondent threatens to proceed "without having any jurisdiction over the person of the defendant."

3. Admits the allegations of paragraph IV of the petition.

4. Denies the conclusions of law alleged in paragraph V of the petition.

5. For further return to the said Writ of Prohibition, respondent avers that under Section 1515 Revised Statutes 1939, the venue of "all cases for divorce and alimony or maintenance" is fixed in the county wherein the plaintiff resides; that the action described in the said Writ is an action by a wife against her husband for maintenance, and was filed in the county of plaintiff's residence, to-wit: Greene County; that respondent is vested by law with jurisdiction to hear and determine said cause, and it is his duty to do so with all reasonable dispatch.

WHEREFORE, having made full and complete return to the said Writ, and having answered the petition of relator, respondent prays that the Preliminary Writ of Prohibition be quashed and that he be discharged.

WARREN L. WHITE
Respondent.

H. L. TEAFF
Attorney for Respondent.

RESPONDENT'S SUGGESTIONS IN OPPOSITION TO THE WRIT.

In the case of Sharp v. Sharp, 134 Mo. App. 278, cited by relator, the question of venue was not involved. What was decided was that an action for divorce was of a class entirely distinct from an action for maintenance, and the two could not be commingled in the same action.

In the case of Silverman v. Silverman, 95 S. W. (2d), also cited by relator, the question of venue was involved, and the St. Louis Court of Appeals held that the venue of an action for maintenance was controlled by the general practice statutes. However, that court did not discuss Section 1515 and apparently overlooked the language used therein, to-wit: "In all cases for divorce and alimony or maintenance."

Respondent submits that the words "alimony" and "maintenance" are not synonymous, but a careful study of the decisions shows that the word "alimony" means provision for a divorced wife where the married status has ended, while "maintenance" means provision for a wife while the married status continues.

If Section 1515 was meant to apply only to actions of divorce and alimony, the words "or maintenance" are surplusage. The words "in all cases for divorce and alimony" are complete in themselves and include all cases in the class named. What then shall we say was intended by the Legislature when it added the words "or maintenance?" If those words mean anything, they mean action for maintenance as distinct from actions for divorce and alimony. Unless we give them that meaning, we erase them from the statute.

In Pickel v. Pickel, 236 S. W. 287, l. c. 293, the Supreme Court discusses the nature of the action for maintenance and holds that it is in effect the same as the ancient action of divorce from bed and board, and that a wife, who is abandoned or driven from her husband's home by intolerable treatment, has her choice of a divorce from bed and board or a divorce a vinculo.

Also in Wagoner v. Wagoner, 261 S. W. 654, l. c. 658, it was held that the rules of law relating to alimony also govern separate maintenance.

Respondent submits that the Writ of Prohibition should be quashed.

H. L. Teaff
Attorney for Respondent.