**STATE of Missouri, at the Relation of Virginia Boain STOFFEY, Relator,**

v.

**The Honorable Raymond E. LA DRIERE, Judge of the Circuit Court of the County of St. Louis, Division No. I, Respondent.**

No. 29143.

St. Louis Court of Appeals.

Missouri.

Dec. 23, 1954.

Charles M. Shaw, Wayne C. Smith, Jr., Clayton, for relator.

E. H. Tenney, Jr., St. Louis, for respondent.

SAM C. BLAIR, Special Judge.

This is an original proceeding by certiorari to the Circuit Court of St. Louis

County, Division One. Respondent judge waived service of the writ and made return in due course.

Relator's husband obtained a decree in respondent's court divorcing him from her and awarding him custody of their minor children. The provision of the decree which divorced the parties is not questioned by this proceeding. What relator is seeking is our order quashing only the provision awarding the custody of the children to her husband and depriving her of custody.

Owing to the fact that the return embraces some matters of irrelevance which relator intimates we should take into account, it is worthwhile for us to notice some characteristics of the common-law writ of certiorari with which we are dealing and for us to observe some of the rules confining the area of our review in this instance.

■■■. The salient function of the writ is to restrict inferior tribunals to the limits of their jurisdiction. It cannot be utilized as a substitute for an appeal. The review it authorizes is quite narrow in scope and long since plainly defined. The sole function of the reviewing court is to quash or to refuse to quash the record of which complaint is made. The proceeding presents only questions of jurisdiction apparent on the face of the record and does not contemplate or permit consideration of evidence or issues of fact, even though the return incorporates such evidence or issues through misunderstanding or otherwise. State ex rel. St. Louis Union Trust Co. v. Neaf, 346 Mo. 86, 92, 99, 139 S.W.2d 958, 961, 966; State ex rel. Police Retirement System of City of St. Louis v. Murphy, Judge, 359 Mo. 854, 224 S.W.2d 68; State ex rel. Missouri Baptist Hospital v. Nangle, Judge, Mo.App., 230 S.W.2d 128; State ex rel. Renner v. Alford, Judge, 343 Mo. 576, 578, 122 S.W.2d 905, 906; State ex rel. Woodmansee v. Ridge, 343 Mo. 702, 123 S.W.2d 20; State ex rel. Shartel v. Skinker, 324 Mo. 955, 25 S.W.2d 472; State ex rel. Mount Mora Cemetery Ass'n v. Casey, 210

Mo. 235, 109 S.W. 1. The instant return embraces a transcript of all evidence and exhibits presented at the trial of the divorce suit. Much of relator's argument here is grounded on that transcript. That transcript we are compelled to disregard, and we must also ignore the arguments relator advances with it as a foundation. Our review is restricted to questions of jurisdiction apparent on the face of the record, and those questions must be resolved by what that record presents.

■■ Allegations of the petition for the writ, although undenied, cannot be regarded as establishing any fact not shown by the record returned. The single office of the petition is to secure issuance of the writ. It disappears from the proceeding when it has served that purpose, except reference is sometimes made to it for elucidation of assignments of error directed at the record under review. State ex rel. St. Louis Union Trust Co. v. Neaf, supra, 139 S.W.2d 962. Accordingly, all of relator's arguments referring us to the petition for ascertainment of facts which she deems pertinent must be disregarded.

The return discloses these relevant facts: On April 18, 1953, relator's husband sued her for divorce and prayed for the custody of their two minor children. On that date, relator was absent from the state and had the children in her custody. Personal service in this state being impossible, an attempt was made to obtain service on relator by registered mail but it was unavailing. Thereafter, the essential procedures to obtain service on relator by publication were taken and legal service was obtained in that way. Relator failed to appear or plead as required, and, on June 24, 1953, her husband was granted a default and inquiry, and the cause was set for trial on June 26, 1953. On that date, with relator still defaulting, there was a trial which resulted in a decree granting the husband a divorce and awarding him the custody of the minor children. It is acknowledged in this proceeding that the children were in the custody of relator and physically absent from this state when the

suit was instituted, during its entire pendency, and when the award of their custody was made.

Following the entry of the decree on June 26, 1953, relator appeared before respondent judge on September 11, 1953, and filed a "Motion to Modify Divorce Decree as to Custody of Children" presenting substantially the same questions presented by this proceeding. The motion was stricken.

The record does not disclose that relator undertook a timely appeal from the decree or an untimely appeal from it by applying to the appropriate appellate court for a special order permitting her to file notice of appeal within six months from the date the decree became final. Section 512.060 RSMo 1949, V.A.M.S. On the contrary, and although she appeared in court two months and seventeen days after entry of the decree, she selected this extraordinary proceeding to present her complaints, waiting until July 7, 1954, to institute it.

 The courts of this state possess judicial power to award the custody of children to a parent obtaining a divorce in this state, even though the children are physically absent from this state and in the custody of the other parent, provided the latter, although absent also, continues domiciled in this state. In such situation, it is ruled that the domicile of the absent children is the same as that of the absent parent who has their custody. If the absent parent retains his domicile in this state, the children in his custody are also domiciled here, and the status of their custody is a thing or res within the jurisdiction of our courts. An order awarding custody of such children is an authorized exercise of judicial power and valid. Moreover, our courts may exercise such power when the only service is by publication and no personal service is obtained on the parent having custody. Beckmann v. Beckmann, 358 Mo. 1029, 218 S.W.2d 566, 568, affirming the decision of this court in the same suit in Beckmann v. Beckmann, Mo.App., 211 S.W.2d 536. Although relator does not entirely agree with our interpretation of these decisions, and argues for a differentiating analysis, we are convinced that they do declare such authority to exist in our courts, and just as we describe it.

 Even granting our interpretation, relator contends that these decisions do not authorize the award of custody which was made because the averments of the petition for divorce demonstrate, she says, that she had abandoned her domicile in this state and had established another in a foreign state. In the absence of appropriate averments that her domicile actually was in this state, she says the petition was wholly insufficient to confer jurisdiction to enter any order touching the custody of the children and the provision of the decree which relates to custody is consequently void and must be quashed.

The petition expressly alleged that relator was "still domiciled" in this state and had absented herself from "her usual place of abode in this state." Notwithstanding, relator argues that the effect and force of this express allegation was entirely destroyed by other and specific factual averments to the contrary which can be summarized as follows: On April 6, 1953, she removed the children by stealth from their school and home in this state and took them to New York. Although she had promised to return them to her husband, she was continuing to neglect and to refuse to do so. Their absence from their school and home environment was detrimental to them and contrary to their best interests. We have set forth the essence of all of the averments of the petition which refer in any way to the relator's domicile. Nothing at all is alleged therein concerning her purpose in leaving this state or what her intention was during her absence from it.

We discover nothing in these averments which destroys or is inconsistent with the express allegation that relator was "still domiciled" in this state and had absented herself from "her usual place of abode in this state." It must be apparent that a wife may stealthily remove her children

from this state in defiance of her husband's wishes and decline to return them as promised without that removal and refusal necessarily constituting a change of her domicile either in law or in fact. Before a change of domicile can be accomplished, certain elements of action and intention must coexist. Relator describes those elements as being a departure from one's domicile and physical presence in another place with the intention to remain there permanently or for an indefinite time without any fixed purpose to return to one's former place of abode. As applied to relator and this case, this description is correct. Phelps v. Phelps, Mo.App., 246 S.W.2d 838, 844, and authorities cited.

■ However, the essential elements of action and intention cannot be held to coexist or inhere in her mere stealthy removal of the children from this state to another, and in her continued disregard of her promise to return them, where, as here, there is nothing to demonstrate that she took the children from her domicile in this state and went to another state with the intent to remain there permanently or for an indefinite time without any fixed purpose to return to her place of abode in this state. Unless her departure from this state and her presence elsewhere were so characterized, her domicile remained in Missouri. The petition contained no such characterization. There is no merit in her argument.

■ Anticipating this ruling, relator argues that the express allegation that she was "still domiciled" in this state is a mere conclusion of the pleader which is entirely lacking in force and effect, and one which amounts to no pleading at all. As a consequence, she says no jurisdictional facts relating to her domicile are embraced in the petition and thus there is nothing to support the provision of the decree awarding custody of the children. We cannot agree. At common law the words "domicile" and "residence" or "resident" were almost invariably employed as synonymous and interchangeable. State

ex rel. Kelly v. Shepperd, 218 Mo. 656, 117 S.W. 1169. Likewise, "the Missouri decisions make it plain that the 'residence' required by our divorce statutes is equivalent to 'domicil' and that the word 'domicil' as used in this connection means actual residence within the state with the intention to remain there permanently or for an indefinite time. This view is in accord with the great weight of authority in the United States." Phelps v. Phelps, supra, 246 S.W.2d 845.

■ Our divorce law provides that no person shall be entitled to a divorce who has not resided within this state one whole year next before the filing of the petition, except under certain conditions presently immaterial. Section 452.050 RS Mo 1949, V.A.M.S. The period of residence prescribed by this statute is jurisdictional and a petition failing to allege the requisite residence cannot support a decree of divorce against a *direct attack by appeal*. Phelps v. Phelps, supra, 246 S.W.2d 841; Gooding v. Gooding, 239 Mo. App. 1000, 1004, 197 S.W.2d 984, 986; Kennedy v. Kennedy, 223 Mo.App. 1116, 23 S.W.2d 1089. Since the adoption of this statute in 1825, an averment in a divorce petition stating merely that the plaintiff has *"resided"* in this state or has been a *"resident"* of this state (that is, has been domiciled in this state) for the requisite period seems to have been uniformly regarded by the bench and bar as one adequately pleading the *fact of residence* (or domicile) required to confer jurisdiction on the court.

■ The petition before us expressly averred that relator was "still domiciled" in this state. A ruling declaring that this averment is a mere ineffectual conclusion and that it does not adequately allege domicile as a fact would adopt an anomaly which appears never to have been suspected of validity by the bench and bar and which has never been recommended to the appellate courts during the long history of the statute. We believe that the express averment that relator was "still domiciled"

in this state was an adequate pleading of the fact of domicile, and not an ineffectual conclusion, and that it met the requirements essential to confer jurisdiction on the court to enter the award of custody.

 Beyond these observations, it is clear that we could not quash this record on certiorari even if the instant petition entirely failed to allege that relator was domiciled in this state. Overlooked by relator is the significance and effect of the specific recital in the decree entered by respondent "that defendant (relator) is domiciled in the State of Missouri." This was an adequate and legal finding of the domiciliary jurisdiction which relator argues was a condition precedent to the award of custody. Mead v. Mead, 1 Mo. App. 247, 252. We have observed that a petition for divorce which fails to contain the jurisdictional averment of residence cannot withstand a direct attack by timely appeal. Acknowledging this is not saying that a divorce decree may be questioned for want of jurisdiction otherwise than by appeal because the petition on which it is based lacks some jurisdictional averment.

 In Smith v. Smith, 48 Mo.App. 612, 616, an action to set aside a divorce decree was based on the failure of the petition to contain any allegation relating to the plaintiff's residence. The decree recited that "the plaintiff is and has been for at least one whole year last past previous to the commencement of this action a resident of the State of Missouri." This court ruled: " 'Where the necessary jurisdictional facts appear by the record, and are found by the court to exist, the opposing party in a divorce suit is precluded from showing that they did not exist as a matter of fact, except on proceedings by appeal or writ of error. There cannot on principle be a difference between the finding of jurisdictional facts, and the finding of other facts essential to a decree, in any proceeding of which the party challenging the decree is presumed in contemplation of law to have had due notice.' Hansford v. Hansford, 34 Mo.App. 262, 271. The defendant's contention, therefore, that the decree should have been vacated as showing want of jurisdiction upon the face of the record is untenable." See also Kennedy v. Kennedy, supra, 23 S.W.2d 1089; and Stansbury v. Stansbury, 118 Mo.App. 427, 94 S.W. 566.

 On certiorari courts do not possess the comprehensive authority they exercise in ruling timely appeals. Our only authority in this proceeding of relator's own selection is to quash or to refuse to quash the record according as it discloses or fails to disclose a want of jurisdiction apparent on the face of the record. Regardless, then, of the effect and force of the express jurisdictional averment of domicile in the present petition, the specific and adequate recital and finding of domiciliary jurisdiction which the decree contains renders such jurisdiction apparent on the face of this record by declaring that jurisdiction existed and was found by respondent to exist.

For these reasons, the writ of certiorari should be quashed.

It is so ordered.

ANDERSON, P. J., and ARONSON, Special Judge, concur.