Molly UMANSKY, Plaintiff-Appellant,

v.

Benjamin UMANSKY, Defendant-Respondent.

No. 32371.

St. Louis Court of Appeals.

Missouri.

Jan. 17, 1967.

Schaeffer & Schaeffer, Milton W. Schaeffer, Clayton, for plaintiff-appellant.

Michael Jos. Hart, St. Louis, for defendant-respondent.

BRADY, Commissioner.

The trial court dismissed plaintiff's petition for separate maintenance on the grounds of lack of jurisdiction. The plaintiff appeals.

Plaintiff's petition for separate maintenance states that she and the defendant were married in March of 1934 in the City of Chicago, Illinois, and lived together as husband and wife until November of 1954; that "Defendant has abandoned and deserted Plaintiff and the children born of the marriage and is continuing to abandon them and fail to support them to date."; that defendant is a resident of the County of St. Louis, State of Missouri; that he is now living in said county and state with another woman in "open and notorious adultery"; that he has fathered a child by said woman; that defendant is a man of "means and property"; "* * * and that this Honorable Court has jurisdiction of this matter by reason of Missouri Revised Statutes 1959, Section 452.050, in that the actions complained of are continuing and occuring in the State of Missouri."

Defendant's counsel appeared specially and filed a motion to dismiss which alleged the petition "* * * fails to state a cause of action for separate maintenance * *." That motion states two reasons in support of its contention the trial court is without jurisdiction in this matter. These are that since plaintiff is not a resident of this state and was not such prior to the filing of this petition, the court is without jurisdiction; and that since it appears from the petition that the alleged abandonment of the plaintiff occurred in the State of Illinois in November of 1954, the trial court is without jurisdiction of the subject matter. There is no dispute as to the defendant's residence within the County of St. Louis.

Before proceeding to the merits it is necessary to dispose of defendant's motion to dismiss this appeal which is based on the contention that plaintiff has failed to comply with Supreme Court Rule 83.05(c) in that the statement of facts contained in plaintiff's brief includes irrelevant material. The material characterized as irrelevant deals with matters which are not contained in the transcript filed with this appeal and are irrelevant to the issues here presented

such as the proceedings, testimony and disposition of the pendente lite proceedings. However, the statement of facts as found in plaintiff's brief is otherwise a faithful compliance with Civil Rule 83.05(c), supra, and the superfluous material can easily be disregarded. The motion to dismiss the appeal is overruled.

There was no separate maintenance at common law and an action for such relief is established in this state by the provisions of § 452.130 RSMo 1959, V.A.M.S. (All further citations to the statutes will be to RSMo 1959, V.A.M.S.) Other pertinent statutes include § 452.240 providing that "The petition of a married woman for any of the purposes before mentioned may be filed and the case heard and determined in the circuit court, and the like process and proceedings shall be had as in other civil suits. (R.S.1939, § 3382)." § 508.010(1) states that when the defendant is a resident of this state, suits instituted by summons shall, except as otherwise provided by law, be brought in the county within which the defendant resides.

█ It is true that the plaintiff's petition refers specifically to § 452.050. However, the prayer of the petition is for separate maintenance, alimony, custody of the minor child born of the marriage, support for that child, and attorneys' fees. There is no prayer for divorce and the petition does not contain any reference to that relief. Plaintiff's counsel's error in his reference to the proper section of the statute cannot be held to overweigh the plain language of the petition which is couched unmistakingly in the terms of separate maintenance. However, it is clear from this reference to our statutes that defendant is proceeding under Missouri law rather than that of Illinois.

█ Defendant advances two arguments in support of his contention the trial court properly dismissed plaintiff's action. Candidly admitting the existence of State ex rel. Rodgers v. White, 239 Mo.App. 838, 201 S.W.2d 781, he in effect seeks to

have that case overruled and reargues the various points expressly disposed of by the court in Rodgers, supra. There is no need to burden this opinion with a rehash of why §§ 452.040 (requiring proceedings to be had in the county where plaintiff resides) and 452.050 (dealing with residential requirements necessary to maintain a divorce action) are inapplicable to actions for separate maintenance. The very arguments advanced by defendant are set forth at length in the opinion in Rodgers, supra, and the fallacy inherent in each of them is therein succinctly pointed out. It is sufficient to state it was specifically held in Rodgers, supra, that § 508.010(1), (then § 871, RSMo 1939, Mo.R.S.A.), is applicable to actions for separate maintenance while § 452.040, (then § 1515, RSMo 1939, Mo.R.S.A.), is applicable only to divorce actions and not to separate maintenance actions. The reasoning by which the court reached that result was sound when the opinion was handed down and remains so to this date. We concur both with the reasoning and with the result reached in Rodgers, supra, and find it determinative of this issue. Plaintiff was entitled to proceed under § 508.010(1).

Defendant then contends, to quote from the motion to dismiss, "It appears from the fact (sic) of the petition * * * the * * * abandonment * * * occurred in Illinois * * *." Accordingly, to use the language of § 452.130, he argues defendant did not " * * * abandon his wife, and refuse or neglect to maintain and provide for her, * * * " in Missouri and therefore plaintiff has no right of action under Missouri law which she can assert in this state. In support of that contention defendant's counsel cites criminal cases which hold that, in a criminal prosecution for abandonment where the evidence showed the final separation occurred in another state, the offense was one against the laws of that state and not Missouri. See State v. Shuey, 101 Mo.App. 438, 74 S.W. 369. That is also the rule as to criminal cases in Illinois and is the general

rule. See People v. Heise, 257 Ill. 443, 100 N.E. 1000; Ex parte Roberson, 38 Nev. 326, 149 P. 182, L.R.A.1915E, 691; State v. Wellman, 102 Kan. 503, 170 P. 1052, L.R.A. 1918D, 949; State v. Nesmith, 185 S.C. 341, 194 S.E. 160. The inapplicability to civil cases of the reasoning upon which the decision in those and similar cases was based would seem obvious. The act of abandonment sufficient to sustain a criminal prosecution may be complete when one spouse first leaves the other and first refuses or neglects to provide and maintain for the latter, but that rule is bottomed upon the requirements of certainty as to venue, as to the date the offense occurred, and as to the punishment set forth in the applicable statute for each offense; all of which are necessary adjuncts to criminal proceedings. (See §§ 559.353 and 559.356 of our criminal laws.) Those reasons are not present in a civil proceeding in such strength as to lead to the same result.

It should be noted that Webster's Third New International Dictionary when defining the word "abandonment" gives the following meaning: "desertion of a spouse with the intention of creating a permanent separation." In like manner that same source defines the word "desertion" as "abandonment of a person to whom one is obligated or bound by agreement." The words are practically synonymous in meaning and use. In divorce proceedings desertion is a continuing offense regardless of removal of one of the parties to a state other than that in which they resided prior to the desertion. See Mullenband v. Mullenband, 137 Ark. 505, 208 S.W. 801 and Colburn v. Colburn, 70 Mich. 647, 38 N.W. 607. There is no doubt that desertion is a continuing ground for divorce in Missouri. See § 452.010, and cases collected at Note 153. There is no reason for the courts to indulge in any exercise in semantics when confronted with the word "abandonment" in a case for separate maintenance. In such a case the word is synonymous with desertion and is a continuing offense.

However, there is another reason defendant's argument on this issue must fail. The motion to dismiss incorrectly alleges the face of the petition shows the abandonment to have been committed in Illinois. Plaintiff's petition does not allege an abandonment in November of 1954 in Chicago, Illinois. It does allege these parties were married in Chicago and lived there as husband and wife until November of 1954. However, when stating the grounds upon which a decree of separate maintenance is prayed, the petition alleges defendant's abandonment and refusal or neglect to maintain or provide for plaintiff and the child as continuing to the date of the petition. The time involved must, under the undisputed facts, include defendant's actions while a resident of Missouri. There are two elements of abandonment; abandonment and refusal or neglect to support. Both must be proved. § 452.130 and cases cited at Note 14. Whether the allegation defendant's abandonment is continuing in this state can be substantiated is a matter that will have to be developed at the trial of this cause by proper proof as to both elements. Here the trial court has dismissed the plaintiff's petition and as a result the facts that would bear upon a determination of whether or not the defendant while a resident of Missouri did in fact commit such acts as to constitute abandonment are absent from this transcript. In any event and for either or both of the reasons above stated defendant's contention is without merit.

The motion to dismiss was erroneously sustained. The judgment should be reversed and the cause remanded to the trial court with directions to overrule the defendant's motion to dismiss.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment should be reversed and the cause

remanded to the trial court with directions to overrule the defendant's motion to dismiss.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.